## COOPER *v.* ROLAND.

### Opinion delivered July 11, 1910.

SPECIFIC PERFORMANCE—SALE OF CHATTELS.—Under the general rule that contracts for the sale of chattels will not be enforced specifically, a contract for the sale of county warrants will not be enforced, as the remedy at law is adequate.

Appeal from Hot Spring Chancery Court; *Alphonzo Curl,* Chancellor; affirmed.

*Richmond & Berger* and *Morris M. Cohn,* for appellant.

The county judge may, at the suit of a taxpayer, be enjoined from doing something prohibited by law. 54 Ark. 645; 73 Ark. 523; 80 Ark. 108; 52 Ark. 541; 77 Ark. 570; 75 Ark. 52; 46 Ark. 25; 48 Ark. 544; 37 Ark. 286; *Id.* 164; 34 Ark. 410; 30 Ark. 278; 15 Ark. 24; 14 Ark. 50; 30 Ark. 56; 57 Am. Dec. 435. The county judge can not derive any advantage from his position. 49 Ark. 245; 68 Ark. 542; 77 Ark. 31. Specific performance will be enforced in such cases as to personalty. 13 Col. 280; 22 Pac. 461; 43 Am. Dec. 621; 51 Am. Dec. 589; 69 Md. 51; 13 Atl. 625; 51 Ark. 489. The statute of frauds has no application. 85 Ia. 112; 52 N. W. 108; 17 N. W. 495; 64 Ark. 627; 16 Neb. 21; 21 N. W. 451; 7 Ia. 163; 107 Ind. 432; 8 N. E. 167; 82 Ala. 622; 2 So. 520; 10 Me. 374; 25 Am. Dec. 242; 121 Mo. 169; 25 S. W. 192; 26 L. R. A. 751.

*Duffie & Duffie* and *A. I. Roland,* for appellees.

This court will not exercise original jurisdiction to grant injunctions. 2 Ark. 93; 12 Ark. 102; *Id.* 84; 16 Ark. 195; 19 Ark. 411; 25 Ark. 288. It is only in cases of irreparable injury that this court will grant injunctions pending appeals. 54 Ark. 118; 48 Ark. 331; 54 Ark. 539; 29 Ark. 340. Unless all the evidence is brought up in the record, the decree of the chancellor will not be disturbed. 90 Ark. 393; *Id.* 214; 89 Ark. 349; *Id.* 64; *Id.* 41; 88 Ark. 467; 87 Ark. 232; 86 Ark. 368; 84 Ark. 429; *Id.* 73; 81 Ark. 427.

McCULLOCH, C. J. This is an appeal from a decree of the chancery court of Hot Spring County dismissing appellant's complaint for want of equity. The action was instituted against A. I. Roland, as county judge of that county, and against certain bridge commissioners of the county and the county clerk; also against the Illinois Steel Bridge Company, a corporation. The complaint alleged in substance that the county court had ordered the construction of two bridges, and that the contract for the construction of same was let by the county commissioners to said bridge company; that, before the letting of the contract, and as an inducement to bidders, the county judge had procured from appellant a written proposal to take the county scrip issued in payment for the work and to pay the contractors therefor at the rate of 80 cents on the dollar, and that the bridge company, at the time its bid for the work was accepted, had accepted the terms proposed by appellant and agreed to let him have the scrip at that price; that subsequently the county judge procured from J. E. Stanley a bid of 81 cents on the dollar, and was about to issue the scrip to the latter (the bridges having been completed) and pay off the bridge company at the agreed price of 80 cents on the dollar, turning the balance of one per cent. back into the county treasury. It is also alleged that, while this is sought to be done by the county judge ostensibly for the purpose of giving the county the benefit of the additional one per cent., it is in fact for the purpose of gaining some personal advantage for the county judge in controlling the scrip. The complaint does not, however, state how any personal advantage is to be gained, nor does it state any facts to base the charge upon.

The complaint alleges that, unless restrained, the county court will allow the claims for constructing the bridges, and that the county clerk will issue the scrip to Stanley; and the prayer is that such proceedings be restrained and, upon payment of 80 cents on the dollar to the bridge company, which appellant offers to pay, that the latter be required to turn over the scrip to him.

The action is in substance one to require the bridge company to specifically perform its alleged contract with appellant for the sale of the scrip when issued, and, incidentally, to restrain the county officials from issuing the scrip to any other

person.  The last mentioned incidental relief does not, however, strip the action of its character as one to compel specific performance of a contract; for, if the bridge company has bound itself by a contract with the county to allow the issuance of the scrip to another person and accept 80 cents on the dollar in lieu thereof, the remedy of appellant would still be against the bridge company, and not against the county.  The contract of appellant, as stated in the complaint, is with the bridge company, and he must look alone to that company for performance of the contract or for compensation in damages for its nonperformance.  The question then presented is whether or not the allegations of the complaint are sufficient to justify a court of equity to decree specific performance of the alleged contract for the sale and purchase of the scrip.

. The general rule, subject to some exceptions, undoubtedly is that courts of equity will not enforce specific performance of executory contracts for the sale of chattels, and this court has announced its adherence to that general rule.  *Collins* v. *Karatopsky*, 36 Ark. 316.  The rule established by the authorities is well stated in a note in volume 5 of American & English Cases Annotated, p. 269: "Courts of equity decree the specific performance of contracts, not upon any distinction between realty and personalty, but because damages at law may not in the particular case afford a plain, adequate and complete remedy. Therefore a court of equity will not generally decree performance of a contract in respect of personalty, not because of its personal nature, but because damages at law are as complete a remedy as the delivery of the property itself, inasmuch as with the damages like property may be purchased."

Professor Pomeroy in his work on Specific Performance (§ 11) stated the rule as follows: "The doctrine is equally well settled that in general a court of equitable jurisdiction will not decree the specific performance of contracts relating to chattels, because there is not any specific quality in the individual articles which gives them a special value to the contracting party, and their money value recovered as damages will enable him to purchase others in the market of like kind and quality."

In the other sections of the volume he states the various exceptions to this rule, as where chattels have some peculiar

value above the market value, such as heirlooms, paintings or other works of art, etc. For cases applying the general rule stated above to contracts for the sale of stocks and bonds, see the same note in 5 Am. & Eng. Ann. Cas., where all the authorities on the subject are collected. *Memphis* v. *Brown,* 20 Wall. 289, is a case of that kind, and the court decided that specific performance would not be decreed of a contract for the return and cancellation of city bonds.

An exception to this rule is found in some cases where stocks and bonds which are the subject of the contract have no market value, and also where shares of stock in private corporations have peculiar value in excess of the market value by reason of the control over the corporation which the ownership of the stock would give. The latter ground could not of course apply to county warrants, which are mere evidences of the county's indebtedness. The fact that the value of the scrip is fluctuating and speculative affords no grounds for equitable interference.

The complaint contains an ambiguous allegation to the effect that the scrip has no market value; but, taking the whole allegation together, it means that the scrip has no stable market value, and that its value fluctuates from time to time according to the assessable value of the taxable property in the county.

The complaint does not allege insolvency on the part of the bridge company, therefore it is unnecessary to discuss the effect of such an allegation in an action of this kind.

It is further insisted that, according to the allegations of the complaint, a trust relation subsisted sufficient to give jurisdiction to a court of equity by reason of the fact that Roland, the county judge, acted as the agent of appellant in negotiating for the purchase of the scrip. There is, however, no relation of trust between appellant and the bridge company, and the question of Roland's alleged agency does not enter into the controversy.

We discover nothing in the allegations of the complaint which can be held sufficient as a statement of grounds for equitable interference. Therefore the demurrer was properly sustained. The case was submitted on motion for temporary restraining order, but the questions are fully argued on both sides, and the controversy may as well be finally decided now.

The decree is affirmed.