EUGENE H. POLTORAK *vs.* JACKSON CHEVROLET COMPANY.

Suffolk.   April 6, 1948. — May 7, 1948.

Present: QUA, C.J., DOLAN, RONAN, WILKINS, & SPALDING, JJ.

*Equity Jurisdiction*, Specific performance.  *Sale*, Contract of sale.

A suit in equity against a dealer in automobiles for specific performance of a contract of sale to the plaintiff of an automobile of an ordinary type and design produced in the usual course of business by a large and well known manufacturer could not be maintained where it appeared merely that, owing to a strike in the manufacturer's plant, there was a scarcity of automobiles and the defendant was delayed in procuring automobiles for delivery, and the plaintiff showed no substantial harm of a character which could not be adequately compensated by an award of damages in an action at law.

BILL IN EQUITY, filed in the Superior Court on August 8, 1946, and afterwards amended.

The suit was heard by *Dillon*, J.

*D. Burstein*, for the defendant.

*A. J. Zimmerman*, for the plaintiff.

RONAN, J.   This is a bill in equity brought to enforce an agreement made between the parties on January 29, 1946, wherein the defendant agreed to sell to the plaintiff a new, unused, black Chevrolet sedan automobile at the price prevailing at the time of delivery which was to be in "30–45

days or money refunded." The plaintiff at the time he signed the order delivered to the defendant his automobile for which he was to be allowed a credit of $714.22 on the purchase price of the new automobile. The plaintiff called on the defendant every week subsequent to March 16, 1946, and made demand for the delivery of an automobile complying with the description contained in the contract; and although the defendant could have delivered to him such an automobile between May 6, 1946, and August, 1946, it failed to do so and also failed to offer to the plaintiff the proceeds of the sale of the automobile which the plaintiff had turned over to the defendant and which the latter sold. After overruling the demurrer the case was heard on the merits and a final decree was entered ordering the specific performance of the contract. The defendant appealed.

It is settled in this Commonwealth that specific performance of contracts for the sale of land will generally be granted, and also of contracts for the sale of chattels where the buyer shows that he is unable by reason of the nature of the subject, the conditions of the market, or other circumstances, to procure an article substantially similar to the one which he contracted to buy, or that the delay, expense and difficulties incidental to procuring such an article will entail serious inconvenience, loss or hardship, or that he stands in such a relation to the article that manifest justice will not be done unless performance is decreed. The test to determine whether or not specific performance should be granted is the same in the case of contracts for the sale of personalty as in the case of contracts for the sale of real estate, namely, whether damages for the breach are or are not the equivalent of the promised performance. Damages for breach of a contract to sell a particular parcel of land can seldom, if ever, be said to put the buyer in the same position he would have been in if the land had been conveyed to him. The same principle governs in the case of contracts of sale of personal property, and where an award of damages will not furnish adequate relief then the other party should be ordered to perform the contract. This principle has been recognized and applied in decisions of this court, many of which

are cited in *Sanford* v. *Boston Edison Co.* 316 Mass. 631, 634, 635, to which should be added *Friend Brothers, Inc.* v. *Seaboard Surety Co.* 316 Mass. 639, and *Rigs* v. *Sokol*, 318 Mass. 337.

The contract with which we are concerned calls for the sale of an automobile of the ordinary type and design produced in the usual course of business by a large and well known manufacturer. A purchaser of such an automobile in normal times could not have specific performance to compel the seller to complete the sale. It was said in *Clark* v. *Henshaw Motor Co.* 246 Mass. 386, 388, "It is a matter of common knowledge that an automobile is a chattel commonly bought and sold in the market." See *Charles Street Garage Co.* v. *Kaplan*, 312 Mass. 624; *Gallagher* v. *Studebaker Corp.* 236 Mich. 195. The plaintiff seeks to bring the case outside of the ordinary rule, that the seller will not be compelled to complete the sale of a common chattel, by showing that there was a scarcity of automobiles during the period in question. We have carefully examined the evidence. There was a strike at the plant of the manufacturer and the demand for automobiles exceeded the supply. There were fewer automobiles than customers. Immediate delivery could not be made to all of them. Dealers, however, were taking orders and were making deliveries as the automobiles became available. Indeed, the parties stipulated that subsequent to the contract and subsequent to May 6, 1946, the defendant had automobiles and could have delivered one to the plaintiff if it desired to do so. The plaintiff, whose residence was in Boston and whose employment was at a factory in Lynn, so far as appeared, made no effort to secure the same make of automobile or any other make from some other dealer. The sale of his old automobile to the defendant might have resulted in some personal inconvenience and deprived him of some personal pleasure. There is nothing, however, to show that the failure of the defendant to comply with the contract caused the plaintiff any pecuniary damage other than the value of the automobile which he had turned over to the defendant, or that he sustained any loss of time other than the time spent in frequent interviews with repre-

sentatives of the defendant in an endeavor to have them deliver a new automobile to him. The scarcity of automobiles, which went no farther than to occasion considerable delay in delivery, is not sufficient basis for a decree of specific performance in favor of one who sought the completion of a contract for the sale of an ordinary passenger vehicle, and who showed no substantial harm of a kind or character which could not be adequately compensated by an award of damages in an action at law. Claims of a purchaser of an automobile that he was entitled to specific performance on grounds similar to those now urged were denied in *Welch* v. *Chippewa Sales Co.* 252 Wis. 166, and *Kirsch* v. *Zubalsky*, 139 N. J. Eq. 22. Resort to specific performance to compel delivery of an automobile described in such a contract of sale as was the case here, under a provision of a sales act similar to G. L. (Ter. Ed.) c. 106, § 57, has been unsuccessful. *Goodman* v. *Henry Caplan, Inc.* 188 Misc. (N. Y.) 242. *Cohen* v. *Rosenstock Motors, Inc.* 188 Misc. (N. Y.) 426. *Gellis* v. *Falcon Buick Co. Inc.* 191 Misc. (N. Y.) 566.

We have not dealt with the demurrer as we preferred to treat the case on the merits. The plaintiff is not entitled to have the contract specifically performed. Nothing decided here will preclude the plaintiff from bringing an action at law to recover damages or to pursue such other remedy as he may be advised. It follows that the final decree must be reversed and a decree entered dismissing the bill with costs and without prejudice.

*So ordered.*