McCALLISTER *v.* PATTON.

4-8656                                       215 S. W. 2d 701

Opinion delivered December 13, 1948.

294

*Bon McCourtney* and *Claude B. Brinton,* for appellant.

*Frank Snellgrove* and *Charles Frierson,* for appellee.

MINOR W. MILLWEE, Justice.   A. J. McCallister was plaintiff in the chancery court in a suit for specific performance of an alleged contract for the sale and purchase of a new Ford automobile from the defendant, R. H. Patton.   The complaint alleges:

"That on or about the 15th day of September, 1945, the plaintiff entered into a contract with the defendant, whereby the plaintiff contracted to purchase and the defendant to sell, one Ford super deluxe tudor sedan and radio.

"That the defendant is an automobile dealer and sells Ford automobiles and trucks within the city of

Jonesboro, Craighead county, Arkansas, and that at the time this plaintiff entered into this contract the defendant had no new Ford automobiles in stock of any kind and was engaged in taking orders by contract, numbering the contracts in the order that they were executed and delivered to him. As the cars were received the defendant would fill the orders as he had previously received the contracts. The plaintiff's number was number 37.

"As consideration and as part of the purchase price the plaintiff paid to this defendant the sum of $25 and at all times stood ready, able and willing to pay the balance upon the purchase price in accordance with the terms of the contract; that a copy of this contract is hereto attached marked Exhibit "A" and made a part of this complaint, the original being held subject to the orders of this Court and the inspection of the interested parties.

"The plaintiff is informed and verily believes and the defendant has admitted to this plaintiff that he has received more than 37 cars since the execution of this contract. The defendant refuses to sell an automobile of the above make and description to this plaintiff.

"Since the execution of this contract and to the present date, new Ford automobiles have been hard to obtain and this plaintiff is unable to purchase an automobile at any other place or upon the open market of the description named in this contract and there is not an adequate remedy at law and the Court should direct specific performance of this contract."

The prayer of the complaint was that the defendant be ordered to sell the automobile to plaintiff in compliance with the contract, and for all other proper relief. Under the terms of the "New Car Order" attached to the complaint as Exhibit "A," delivery of the car was to be made "as soon as possible out of current or future production" at defendant's regularly established price. Plaintiff was not required to trade in a used car, but might do so, if the price of such car could be agreed upon and, if not, plaintiff was entitled to cancel the order

and to the return of his deposit. The deposit of $25 was to be held in trust for the plaintiff and returned to him at his option on surrender of his rights under the agreement. There was no provision for forfeiture of the deposit in the event plaintiff refused to accept delivery of the car.

Defendant demurred to the complaint on the grounds that it did not state facts sufficient to entitle plaintiff to the relief of specific performance, and that the alleged contract was lacking in mutuality of obligation and certainty of subject matter. There were further allegations in the demurrer constituting an answer to the effect that plaintiff was engaged in the sale of used cars and had contracted to resell whatever vehicle he obtained from the defendant; and that upon being so informed, defendant tendered and plaintiff refused to accept return of the $25 deposit. Plaintiff filed a motion to strike this part of the pleading.

The Chancellor sustained the demurrer to the complaint and overruled the motion to strike. The plaintiff refused to plead further and his complaint was dismissed. This appeal follows.

In testing the correctness of the trial court's ruling in sustaining the demurrer we first determine whether the allegations of the complaint are sufficient to bring plaintiff within the rule that equity will not grant specific performance of a contract for the sale of personal property if damages in an action at law afford a complete and adequate remedy. Our cases on the question are in harmony with the rule recognized generally that, while equity will not ordinarily decree specific performance of a contract for the sale of chattels, it will do so where special and peculiar reasons exist such as render it impossible for the injured party to obtain adequate relief by way of damages in an action at law. In *Cooper v. Roland*, 95 Ark. 569, 130 S. W. 559, the general rule and various exceptions thereto are discussed. It was there held that the trial court properly sustained a demurrer to a complaint in a suit for specific performance of a contract for the sale of county scrip notwithstand-

ing an allegation that the scrip had no stable market value. Chief Justice McCulloch said in the opinion:

"The general rule, subject to some exceptions, undoubtedly is that courts of equity will not enforce specific performance of executory contracts for the sale of chattels, and this court has announced its adherence to that general rule. *Collins* v. *Karatopsky,* 36 Ark. 316. The rule established by the authorities is well stated in a note in volume 5 of American & English Cases Annotated, p. 269: 'Courts of equity decree the specific performance of contracts, not upon any distinction between realty and personalty, but because damages at law may not in the particular case afford a plain, adequate and complete remedy. Therefore a court of equity will not generally decree performance of a contract in respect of personalty, not because of its personal nature, but because damages at law are as complete a remedy as the delivery of the property itself, inasmuch as with the damages like property may be purchased.' " In *Block* v. *Shaw,* 78 Ark. 511, 95 S. W. 806, specific performance of an executory contract for the sale of cotton was denied on the ground that the purchaser had an adequate remedy at law in an action for damages for breach of the contract.

Among the various exceptions to the general rule are those cases involving contracts relating to personal property which has a peculiar, unique or sentimental value to the buyer not measurable in money damages. In *Chamber of Commerce* v. *Barton,* 195 Ark. 274, 112 S. W. 2d 619, this Court held that the purchaser, Barton, was entitled to specific performance of a contract for the sale of Radio Station KTHS as an organized business. Justice Baker, speaking for the Court, said:

"A judgment for a bit of lumber from which a picture frame might be made and also for a small lot of tube paint and a yard of canvas would not compensate one who had purchased a great painting.

"By the same token Barton would not be adequately compensated by a judgment for a bit of wire, a steel tower or two, more or less, as the mere instrumentalities

of KTHS when he has purchased an organized business, including these instrumentalities, worth perhaps not more than one-third of the purchase price. Moreover, he has also contracted for the good will of KTHS which is so intangible as to be incapable of delivery or estimation of value. So the property is unique in character and so far as the contract is capable of enforcement the vendee is entitled to relief.''

Exhaustive annotations involving many cases of specific performance of contracts for the sale of various types of personal property are found in L. R. A. 1918E, 597 and 152 A. L. R. 4. Comparatively few cases involving suits for specific performance of contracts for the sale of new automobiles have reached the appellate courts. Plaintiff relies on the case of *DeMoss* v. *Conart Motor Sales, Inc.*, 72 N. E. 2d 158, where an Ohio Common Pleas Court directed specific performance of a contract similar to the one under consideration on the ground that the purchaser was without an adequate remedy at law due to the fact that new automobiles were difficult to obtain.

A different result was reached in *Kirsch* v. *Zubalsky*, 139 N. J. Eq. 22, 49 A 2d 773, where the Court sustained defendant's motion to strike the bill of complaint for specific performance in which plaintiff alleged that he was unable to purchase an identical automobile elsewhere at regular O. P. A. price limitations because of the extreme scarcity of such cars and would be forced to pay an illegal bonus above O. P. A. regulations for any similar automobile available on the market. The Court said: ''The complainant mentions no characteristic which adds a special value to the automobile so as to put it in the category of an unique chattel; and he presents no facts which can be considered by this Court as elements of value adding to the intrinsic worth of the automobile itself, so as to permit it to be classed as special or unique. While automobiles may be difficult to procure under the economic or industrial conditions of the present day, they are not in the category of unique chattels.''

In *Welch* v. *Chippewa Sales Co.*, 252 Wis. 166, 31 N. W. 2d 170, the plaintiff contended that the vehicle contracted for was invested with the quality of uniqueness due to a current shortage of automobiles and that a judgment for damages did not furnish an adequate remedy. In holding that the complaint did not state a cause of action for specific performance, the Court cited *Kirsch* v. *Zubalsky, supra,* and said: "In spite of the failure of production fully to meet the demands of customers, automobiles, and indeed, the very make and type of automobile ordered by plaintiff in this case, are being produced by the thousands. There is no sentimental consideration worthwhile protecting that has to do with the particular make, color or style of automobile. Hence, the mere contention that plaintiff needs cars in his business is not impressive . . . ."

In the still more recent case of *Poltorak* v. *Jackson Chevrolet Co.*, 322 Mass. 699, 79 N. E. 2d 285, the plaintiff contracted for the purchase of a new passenger automobile and delivered to the dealer his automobile for which he was to be allowed a credit on the purchase price of a new car. It was held that plaintiff was not entitled to specific performance of the contract upon showing a scarcity of automobiles and in the absence of a showing of substantial harm of a character which could not be adequately compensated in an action at law for damages.

Efforts to obtain specific performance of similar contracts under § 68 of the Uniform Sales Act (Act 428 of 1941) have been denied by the New York courts. This section provides that a court of equity may, "if it thinks fit," direct specific performance of a contract to deliver "specific or ascertained goods." In *Kaliski* v. *Grole Motors, Inc.*, 69 N. Y. S. 2d 645, the Court held that a contract for the sale of a "New 1947 Studebaker two or four-door Champion Automobile" was for the sale of an "unascertained" automobile and hence, not specifically enforceable by the buyer. See, also, *Goodman* v. *Henry Caplan, Inc.*, 188 Misc. 242, 65 N. Y. S. 2d 576; *Cohen* v. *Rosenstock Motors, Inc.*, 188 Misc. 426, 65 N. Y. S. 2d 481;

*Gellis* v. *Falcon Buick Co., Inc.,* 191 Misc. 566, 76 N. Y. S. 2d 94.

Section 68 of the Uniform Sales Act, *supra,* follows § 52 of the Sale of Goods Act of England. Some English courts, and a few courts of our own states which have adopted the uniform act, have construed this section as broadening the power of equity to grant relief by specific performance, while other courts in both countries have held that it merely recodified the law theretofore existing and did not give the remedy where it had not previously existed. Anno. 152 A. L. R. 45 *et seq.;* Williston on Sales (Rev. Ed), Vol. 3, § 601. However, under all the decisions, a court of equity will not grant specific performance if a law action for damages affords an adequate remedy to the buyer.

Plaintiff says we will take judicial knowledge of the scarcity of new automobiles as a result of the recent world war. If so, we would also take judicial notice of the fact that large numbers of cars of the type mentioned in the alleged contract have been produced since 1945, and sold through both new and used car dealers in the open market.

Although the complaint alleges inadequacy of the remedy at law, it does not set forth facts sufficient to demonstrate such conclusion. It is neither alleged nor contended that the car ordered has any special or peculiar qualities not commonly possessed by others of the same make so as to make it practically impossible to replace it in the market. While it is alleged that new Ford automobiles have been hard to obtain, no harm or inconvenience of a kind which could not be fully compensated by an award of damages in a law action is set forth in the complaint.

We conclude that the allegations of the complaint are insufficient to entitle plaintiff to equitable relief and that his remedy at law is adequate. The demurrer was, therefore, properly sustained. In view of this conclusion we do not find it necessary to examine the contention that lack of consideration and mutuality renders the contract specifically unenforceable.

The decree is affirmed.