MORRIS *v.* SPARROW.

5-854 287 S. W. 2d 583

Opinion delivered February 20, 1956.

[Rehearing denied March 26, 1956.]

*Ben B. Williamson,* for appellant.

*Caldwell T. Bennett,* for appellee.

SAM ROBINSON, Associate Justice. Appellee Archie Sparrow filed this suit for specific performance, seeking to compel appellant Morris to deliver possession of a certain horse, which Sparrow claims Morris agreed to give him as part consideration for work done by Sparrow. The appeal is from a decree requiring the delivery of the horse.

Morris owns a cattle ranch near Mountain View, Arkansas, and he also participates in rodeos. Sparrow is a cowboy, and is experienced in training horses; occasionally he takes part in rodeos. He lives in Florida; while at a rodeo in that state, he and Morris made an agreement that they would go to Morris' ranch in Arkansas and, later, the two would go to Canada. After arriving at the Morris ranch, they changed their plans and decided that, while Morris went to Canada, Sparrow

would stay at the ranch and do the necessary work. The parties are in accord that Sparrow was to work 16 weeks for a money consideration of $400.00. But, Sparrow says that as an additional consideration he was to receive a brown horse called Keno, owned by Morris. However, Morris states that Sparrow was to get the horse only on condition that his work at the ranch was satisfactory, and that Sparrow failed to do a good job. Morris paid Sparrow the amount of money they agreed was due, but did not deliver the horse.

At the time Sparrow went to Morris' ranch, the horse in question was practically unbroken; but during his spare time, Sparrow trained the horse and, with a little additional training, he will be a first class roping horse.

First there is the issue of whether Sparrow can maintain, in equity, a suit to enforce, by specific performance, a contract for the delivery of personal property. Although it has been held that equity will not ordinarily enforce, by specific performance, a contract for the sale of chattels, it will do so where special and peculiar reasons exist which render it impossible for the injured party to obtain relief by way of damages in an action at law. *McCallister* v. *Patton*, 214 Ark. 293, 215 S. W. 2d 701. Moreover, specific performance is authorized by Ark. Stats., § 68-1468, which provides: ''Where the seller has broken a contract to deliver specific or ascertained goods, a court having the powers of a court of equity may, if it thinks fit, on the application of the buyer, by its judgment or decree direct that the contract shall be performed specifically, without giving the seller the option of retaining the goods on payment of damages. . . .'' Certainly when one has made a roping horse out of a green, unbroken pony, such a horse would have a peculiar and unique value; if Sparrow is entitled to prevail, he has a right to the horse instead of its market value in dollars and cents.

Morris claims that the part of the agreement whereby Sparrow was to receive the horse was conditional,

depending on Sparrow doing a good job, and that he did not do such a job. Both parties were in Chancery Court and the Chancellor had a better opportunity than this Court to evaluate the testimony of the witnesses; we cannot say the Chancellor's finding in favor of Sparrow is against the preponderance of the **evidence.**

Finally, it is appellant's contention that there was an accord and satisfaction between the parties which now precludes appellee Sparrow from recovering the horse. After the 16-week period expired, according to the undisputed evidence, Morris owed Sparrow a balance in money of $167.00. The parties met at a bank at Mountain View where Morris gave Sparrow a check for that amount and made a notation on the check, "labor paid in full." Sparrow cashed the check, but he says that he only accepted it in payment of the money due, and that Morris still owes him the horse. Morris says the check was payment in full for everything he owed Sparrow; that the agreement about the horse was contingent on Sparrow doing a "good job," and that he had failed in that respect.

Does the notation on the check, "labor paid in full," conclusively show a settlement in full, or an accord and satisfaction, which bars Sparrow from enforcing the agreement as to the horse? We do not think so. In the first place, there was no dispute between the parties as to the amount of money due. Further, it does not appear that, at the time the check was delivered to Sparrow at the bank, it was clear that Morris did not intend to deliver the horse as agreed. In fact, while still at the bank, Morris agreed to turn the horse over to Sparrow, but wanted to do so on condition that Sparrow would not sell or dispose of him; Sparrow refused to accept the horse on that condition. Moreover, the check was for the correct amount of money, and if Sparrow had refused the check at that time, eventually he would have had to accept a check for that same amount, regardless of the disposition of the question about the horse. It is clear that the check was accepted by Sparrow only as payment in full of the money due, without considering the question

about the horse. Sparrow testified that he first learned that Morris did not intend to make an unconditional delivery of the horse when they were ''down at the bank and he paid me in full.'' Obviously, Sparrow was referring to payment in full of the money due; at no time did he recede from the position that he was entitled to the horse. If there had been a disagreement between the parties as to the amount of money owed by Morris, and Sparrow had knowingly cashed a check marked ''payment in full,'' perhaps he would have been bound by the notation on the check; but such is not the case here. The Court said, in *Worcester Color Co.* v. *Henry Wood's Sons Co.,* 209 Mass. 105, 95 N. E. 392: ''It is not every use of the words 'in full to date,' or equivalent phrase, which constitutes an accord and satisfaction in connection with the payment of a controverted claim. Many cases have arisen where the conditions have been such as to make it a question of fact whether there has been an accord and satisfaction, even though these words have been used where a payment has been made. . . .'' See also notes 34 A. L. R. 1055, 75 A. L. R. 923. Here, it appears that Sparrow, in accepting a check marked ''labor paid in full,'' accepted it only as payment in full of the money due, about which there was no controversy.

Affirmed.