FIRST STATE BANK, GDN. *v.* THESSING ET AL

5-3913                                                      406 S. W. 2d 865

Opinion delivered October 10, 1966

*Clark, Clark & Clark,* for appellant.

*Robert W. Henry,* for appellee.

ED. F. MCFADDIN, Justice. This appeal challenges

the judgment of the Probate Court which allowed two claims against the estate of Mrs. Frances Enderlin, a person of unsound mind.

In April 1965 the appellant bank was duly appointed guardian of the estate (but not of the person) of Mrs. Enderlin; and in July 1965 these two claims were filed. The claimants are Miss Thessing and Mrs. Finkbeiner, who are sisters of Mrs. Enderlin; and the claims are amounts paid by the claimants in 1963 and 1964 to doctors, drug stores, hospitals, and nursing homes, for Mrs. Enderlin. The evidence established that Mrs. Enderlin had been separated from her husband for more than twenty years. He continued to live in her home, while she lived in a small rented house a few blocks away. Her husband and son did not care for her as they should have; and her two sisters, the claimants, were continually aiding her. In 1963 Mrs. Enderlin became ill and her two sisters obtained treatment for her. She was first placed in a hospital in Conway, then transferred to a hospital in Little Rock, and then to a nursing home, where she remained until committed to the Arkansas State Hospital where she is still confined. During the time of her illness, and prior to her adjudication, the two claimant sisters paid the following amounts for Mrs. Enderlin; and these are the claims, the allowance of which is here contested:

| Paid by Miss Thessing: | | |
|---|---|---|
| Conway Memorial Hospital | $ 49.90 | |
| Arkansas Baptist Hospital | 301.75 | |
| Newman Nursing Home | 187.00 | |
| Dr. William Snodgrass | 19.00 | $ 557.65 |

| Paid by Mrs. Finkbeiner: | | |
|---|---|---|
| Dr. Drew Agar | $ 36.00 | |
| Dr. William K. Jordan | 85.00 | |
| Dr. Alfred Kahn | 115.00 | |
| Ellis Ambulance | 10.00 | |
| Arkansas Baptist Hospital | 60.00 | |
| Our Lady of Nazareth Home | 1,572.40 | $1,878.40 |

From the judgment of the Probate Court allowing these claims, the bank, as guardian, and Mr. Enderlin and Raymond Enderlin, as husband and son, respectively, of Mrs. Enderlin, prosecute this appeal and urge three points, which we consider in the order listed. They are:

"1. The Probate Court erred in denying the motion to require the joinder of Frances Thessing Enderlin as a party to the hearing on the claims of Antoinette Thessing and Mrs. Paul Finkbeiner because Mrs. Enderlin was physically present within the State of Arkansas, no guardian had been appointed for her person, no personal service was had upon her, and the claims were, in essence, in personam claims for money allegedly advanced for her benefit.

"2. The Probate Court erred in allowing any portion of the Thessing and Finkbeiner claims against Mrs. Enderlin's estate.

"3. If any portion of the Thessing and Finkbeiner claims is to be allowed, the allowance should be limited to the costs of maintaining Mrs. Enderlin in the Arkansas State Hospital for the period of time herein involved."

## I.

It will be recalled that the bank is guardian of the estate of Mrs. Enderlin: there is no guardian of her person. Nevertheless, it was insisted below, and is insisted here, that Mrs. Enderlin should have been personally served with process on these claims and the claims transferred to the Circuit Court for jury trial; and appellants cite Ark. Stat. Ann. § 27-337 (Repl. 1962) as to necessity of service of process on the insane person. The learned Probate Judge disposed of this point in a very concise Opinion, which we copy:

"As to the claim of intervenors[1] that the probate

―――――――――
[1] That is, Mr. Enderlin and his son.

court has no jurisdiction, assuming that intervenors have the right to raise the question, it is held that the election, if any, as to the court used for prosecution of this claim is with the claimant and not with the estate of the incompetent or persons contingently interested in the estate. It is true that the claimants could have filed suit in circuit court on these claims, but they did not elect to do so. The following sections of the Arkansas statutes seem conclusive on this subject: § 57-626, § 57-627, § 57-637. Neither the Arkansas nor the Federal Constitution require jury trials of guardianship matters, since the right to trial of these issues to a jury did not exist at common law. *Schuz* v. *Peoples National Bank,* 215 Ark. 796; *Sharum* v. *Meriweather,* 156 Ark. 331, anno. 91 ALR 88; 31 Am. Jur. 'Jury' Section 30.''

Ark. Stat. Ann. § 57-637 (b.) (Supp. 1965) is particularly clear on the point urged, and we copy it:

''b. CLAIMS WHICH MAY BE PRESENTED. Upon the petition of any person having a claim against the estate of a ward for services lawfully rendered to the ward or his estate or necessaries furnished to him or for the payment of a lawful liquidated claim or demand against the estate of the ward, the court may, after notice, upon appropriate hearing, direct the guardian to pay such claim.''

The claimants elected to file their claims in the probate court, as they had a right to do; and that court had jurisdiction to hear and allow the claims, as it did; so we find no merit in appellants' first point.

## II.

We copy from appellants' brief their main argument on this point:

''A. *Presumption Arising from Family Relationship.* The presumption is that services rendered by

members of the same family are gratuitous (*Williams* v. *Walden,* 82 Ark. 136, 100 S. W. 898), and the burden is on the claimant to establish otherwise. This holding appears to be extended to advances in *Meers* v. *Potter,* 208 Ark. 965, 188 S. W. 2d 500. Miss Thessing and Mrs. Finkbeiner both testified that strong bonds of affection existed between themselves and Mrs. Enderlin, their sister; that they had in the past advanced Mrs. Enderlin money without expectation of reimbursement; Mrs. Finkbeiner made her expenditures because of a desire to help Mrs. Enderlin; and that any sums spent by them were spent willingly and without fraud, duress, coercion, intimidation or deceit. Nothing in the record herein indicates that at the time of the alleged advances there was any expectation on the part of either party that there would be any reimbursement, thus reinforcing the above presumption.''

We find absolutely no merit in this point. The husband and son of Mrs. Enderlin failed, after notice, to do anything substantial for her. The two claimant sisters came to her relief. There was no obligation on the claimants, because of family relationship, to do what they did. There is no presumption that their advances were gifts, and the evidence is to the contrary.

### III.

Appellants' third point is likewise without merit. They claim that the expenses of Mrs. Enderlin at the Arkansas State Hospital are only $90.00 per month, which includes board, medical services, and doctor bills; that the amounts paid by the claimants for Mrs. Enderlin before she was committed to the State Hospital are far in excess of $90.00 per month; and that there is no evidence that the amounts so paid by the claimants were fair and reasonable; so the appellants argue that if the claims are to be allowed for any amounts, such allowances should not exceed a total of $90.00 per month.

The equities are all on the side of the claimants.

They paid every bill by check direct to the person or corporation rendering the service to Mrs. Enderlin; and all of the original checks were introduced in evidence and are in the transcript before us. Of course private hospital and medical care is more expensive than is such service at the State Hospital. Certainly the doctors, hospitals, nursing home, and druggist would not have been paid by these claimants unless and until the claimants were satisfied as to the fairness of such charges. It ill becomes the husband and son, who failed to care for this unfortunate lady, to question the amounts paid in good faith for her by her two sisters.

Affirmed.