Huey P. FOREHAND, an Individual, Ann Forehand, Guardian of the Estate of Huey P. Forehand, an Incompetent *v* AMERICAN COLLECTION SERVICE, INC., Assignee of Jackson County Memorial Hospital, et al.

91-156                                                   819 S.W.2d 282

Supreme Court of Arkansas
Opinion delivered November 25, 1991

*Irwin Law Firm*, by: *Robert E. Irwin*, for appellant.

*McMillan, Turner, & McCorkle*, by: *F. Thomas Curry*, for appellee.

TOM GLAZE, Justice. This case involves the question of whether a circuit court has the jurisdiction to order payment of a

judgment from a guardianship bank account. Huey Forehand is mentally handicapped, and his mother, Ann Forehand, is the court-appointed guardian of his assets, including his account at the Bank of Dover (the Bank).[1] The appellee filed its Oklahoma judgment against the appellant in the Pope County Circuit Court. The court subsequently issued a writ of garnishment on the Bank, and the Bank responded stating that it owned funds belonging to the ward that could only be removed by order of the probate court. Upon the appellee's application, the circuit court issued an order directing the garnishee Bank to pay the funds. The appellant then filed a motion to set aside the order, which was denied by the court.

On appeal, the appellant argues that the circuit court's ordering the Bank to pay the ward's money was erroneous for the following two reasons: 1) the probate court had exclusive jurisdiction of the use of the ward's funds; and 2) the ward's funds held by the probate court were not subject to garnishment. We find merit in the appellant's arguments and therefore reverse.

Probate court has exclusive jurisdiction over all matters of guardianship, other than guardians ad litem in other courts. Ark. Code Ann. § 28-65-107(a) (1987). A guardian is under a duty to pay from the estate all just claims against the estate of his ward. Ark. Code Ann. § 28-65-317(a)(1) (1987). Provision (b) of § 28-65-317 provides that upon petition of any person having a claim against the estate of a ward or demand against the estate, "the court, after notice, upon appropriate hearing, may direct the guardian to pay the claim."

■ This court has recognized that a claimant against a ward's estate could file his or her suit in circuit court instead of probate court. *First State Bank* v. *Thessing*, 241 Ark. 150, 406 S.W.2d 865 (1966). But, in *Thessing*, we did not address whether the circuit court could order payment by the probate court. In *Galion Iron Works & Manufacturing Co.* v. *Russell*, 167 F. Supp. 304 (W.D. Arkansas 1958), the federal court addressed a situation similar to the case at bar. In that case, the plaintiff had already established a claim against the ward's estate that was not

---

[1] The Bank of Dover is now the First Bank of Arkansas.

contested and sought to enforce that claim against the estate in federal courts. In commenting on how claims are to be brought against guardianships, the federal court stated the following:

> State or federal courts may entertain suits to adjudicate claims against an estate, and those adjudications must be respected by the probate court, but it is nevertheless only the probate court which can allow such claims. . . .
>
> . . . .
>
> Thus, this court might adjudicate a claim against he estate, and if it did so, that adjudication could be presented to the probate court for allowance. But here the claim against the estate has been adjudicated and reduced to judgment, the validity and amount of which is admitted. The plaintiff is asking not that this court adjudicate its claim against the estate, but that this court, in effect, make an allowance in the form of a garnishment on the basis of the plaintiff's judgment, and then, on the ground that funds are in its possession, proceed to make a distribution. . . . (T)he probate court unquestionably acquired prior jurisdiction to allow claims against the incompetent by virtue of its prior jurisdiction over the incompetent and his estate. . . .

The *Galion* court's foregoing recitation is a correct reflection of this state's probate statutory procedures in these matters. A circuit court may establish claims against a ward's estate, but only the probate court has jurisdiction over the payment of those claims. Thus, once a claim has been established in another court as was the situation here, the prevailing party must then file the adjudicated claim in the probate court. Our recent opinion in *In Re Porter*, 298 Ark. 121, 765 S.W.2d 944 (1989), is in accord. In *Porter*, this court recognized that the circuit court had the power to review and conclude whether the money in a CD held in a guardianship account was accessible to the guardian for the purpose of reimbursement. However, we further stated that this did not mean that the circuit court has the authority to determine how a guardian is to use a ward's funds. Instead, the probate court has exclusive jurisdiction to govern the release of funds in the guardianship account. *Id.*

In addition, we also find support for the appellant's argument that the funds in the guardianship account were not subject to garnishment. In *Gill* v. *Middleton*, 60 Ark. 213, 29 S.W. 465 (1895), this court held that an administrator of an estate was not subject to garnishment. Again in *Galion Iron Works and Manufacturing Co.* v. *Russell*, 167 F. Supp. 304, the federal court cited *Gill* and other Arkansas cases and concluded as follows:

> From the cases cited it is clear that under Arkansas law, claims such as presented by the plaintiff here as an equitable garnishment are claims which must be administered through the Arkansas probate courts, and the courts of general jurisdiction are refused the power to upset the administration of estates and to allow the priorities of claims against estates to be circumvented by a garnishment proceeding, and this applies no less to equitable than to legal garnishments.

In sum, the probate court has exclusive jurisdiction over the payment of claims against the ward's account, and the circuit court was in error in ordering payment. While appellee acted properly in filing and establishing its foreign judgment in circuit court, it then was required to file its claim in the probate court to receive payment.

For the reasons stated above, we reverse, holding the circuit court erred in ordering the Bank to pay appellant's guardianship account funds to the appellee.