Ann FOREHAND, Guardian of the Estate of Huey Forehand *v.* FIRST BANK of Arkansas

92-1191                                             867 S.W.2d 431

Supreme Court of Arkansas
Opinion delivered December 13, 1993

*Robert S. Irwin*, for appellant.

*Peel, Dunham & Hall, P.A.*, by: *James Dunham*, for appellee.

JACK HOLT, JR., Chief Justice. The issue in this case is whether the trial court erred in granting the motion to dismiss made by the appellee, First Bank of Arkansas. We hold that dismissal was improper and remand for trial.

Ms. Ann Forehand, the appellant, is the court-appointed guardian of the estate of her son, Mr. Huey Forehand. Included in Mr. Forehand's estate was a deposit account at First Bank of Arkansas ("FBA"), located in Dover. American Collection Service, assignee of Jackson County Memorial Hospital, filed its Oklahoma judgment against Mr. Forehand in the Pope County Circuit Court. The circuit court issued a writ of garnishment on FBA, which responded stating that, although it held Mr. Forehand's account, the funds could only be removed by order of the probate court. Even so, the circuit court issued its order directing FBA to pay the garnishment. Ms. Forehand filed a motion to set aside the order, which was denied.

Thereafter, she appealed to this court, arguing that the circuit court's ordering of FBA to pay the ward's money was erroneous, and we agreed. *Forehand* v. *American Collection Serv. Inc.*, 307 Ark. 342, 819 S.W.2d 282 (1991). According to counsel's briefs, FBA honored the garnishment by making payment prior to our decision. Now, Ms. Forehand has sued FBA for breach of fiduciary duty, claiming that it wrongfully paid out the money, some $9,466.64, and asking for damages in this amount. FBA filed a motion to dismiss pursuant to Ark. R. Civ. P. 12(b)(6), explaining that Ms. Forehand failed to state facts upon which relief could be granted. Without explanation in its order, the Pope

County Circuit Court granted FBA's motion to dismiss and dismissed Ms. Forehand's complaint with prejudice.

In reviewing a trial court's decision on a motion to dismiss, we treat the facts alleged in the complaint as true and view them in a light most favorable to the plaintiff. It is improper for the trial judge to look beyond the complaint to decide a motion to dismiss. *Deitsch* v. *Tillery*, 309 Ark. 401, 833 S.W.2d 760 (1992); *University Hosp.* v. *Undernehr*, 307 Ark. 445, 821 S.W.2d 27 (1991); *Mid-South Beverages, Inc.* v. *Forrest City Grocery, Co.*, 300 Ark. 204, 778 S.W.2d 218 (1989). All reasonable inferences must be resolved in favor of the complaint, and all pleadings are to be reasonably construed. *Hollingsworth* v. *First Nat'l Bank & Trust Co.*, 311 Ark. 637, 846 S.W.2d 176 (1993).

In her complaint against FBA, Ms. Forehand states that she was appointed guardian of her son's estate, and that, as a safeguard for these funds, the Pope County Probate Court ordered that no funds be withdrawn from Mr. Forehand's bank account without prior order of the Probate Court. Ms. Forehand further alleges, that, although FBA required orders of the Probate Court for each withdrawal, Mr. Forehand's creditor, American Collection Service, obtained an out-of-state judgment against him and filed it in the Pope County Circuit Court for collection, and the circuit court ordered FBA to pay the garnishment, which it did. Ms. Forehand alleges that FBA made the withdrawal "without authority, and without even determining from it's [sic] legal counsel whether or not such withdrawal was possible and without determining its liability to Forehand, and without giving Huey P. Forehand any notice of what it intended to do." She then alludes to her prior appeal in which we held that the circuit court lacked the authority to order the bank to pay the funds. *See Forehand*, 307 Ark. at 345, 819 S.W.2d at 284.

Assuming that all of the facts stated in her complaint are true, as we must do for purposes of determining whether or not the trial court committed error in dismissing the appellant's complaint, we hold that it does state a cause of action against FBA. Since we held in *Forehand, supra*, that the Pope County Circuit Court erred in ordering FBA to pay appellant's guardianship account funds to appellant-ward's creditor, it necessarily follows that a question remains as to FBA's duty to pay funds

from appellant's account when FBA was confronted with two conflicting court orders and whether or not a breach of duty or an act of conversion occurred when FBA chose to follow the circuit court's order to pay funds from appellant's account to American Collection.[1]

For this reason, we hold that the dismissal of this action was inappropriate and remand to the trial court for proceedings consistent with this opinion.

---

[1]Conversion is any distinct act of dominion wrongfully exerted over property in denial of, or inconsistent with, the owner's right. The conversion need not be a manual taking or for the defendant's use; if the defendant exercises control over the goods in exclusion, or defiance, of the plaintiff's right, it is a conversion whether it is for his own use or another's use. *Reed* v. *Hamilton*, 315 Ark. 56, 864 S.W.2d 845 (1993); *Elliott* v. *Hurst*, 307 Ark. 134, 817 S.W.2d 887 (1991).