ARKANSAS STATE EMPLOYEES INSURANCE ADVISORY COMMITTEE *v.* ESTATE OF Brent Ronald MANNING

93-885                                                    870 S.W.2d 748

Supreme Court of Arkansas
Opinion delivered February 28, 1994

*Winston Bryant*, Att'y Gen., by: *M. Wade Hodge*, Asst. Att'y Gen., for appellant.

*Gocio & Dossey*, by: *Samuel M. Reeves*, for appellee.

Tom Glaze, Justice. This case was instituted in probate court where the parties argued the applicability of this court's recent decisions in *Higginbotham* v. *Arkansas Blue Cross and Blue Shield*, 312 Ark. 199, 849 S.W.2d 464 (1993), and *Shelter Mutual Insurance Company* v. *Bough*, 310 Ark. 21, 834 S.W.2d 637 (1992). Brent Manning, a minor, was seriously injured as a result of his

motorcycle being struck by a vehicle owned and operated by Bob Hulsizer. Brent's mother was subsequently appointed Brent's guardian by the probate court, so she could enter into a proposed settlement of Brent's tort claim against Hulsizer. Hulsizer was agreeable to settle the claim for $25,000, which reflected the policy limits of his State Farm Mutual Automobile Company insurance policy.

Brent's father intervened in this probate proceeding, requesting the trial court to allocate the funds from any settlement in accordance with the terms of the subrogation clause of the group health insurance policy the father maintained with the State Employees Insurance Advisory Committee. Because Brent was a dependent of his father and thereby covered by his father's insurance plan, $37,407.51 of Brent's medical expenses had been paid by the state employees insurance.

Relying upon this court's decision in *Bough*, the probate court entered its order on March 11, 1993, rejecting the Committee's request for subrogation. In its ruling, the lower court stated the general rule that an insurer is not entitled to subrogation unless the insured had been made whole for his loss and any additional payments would cause the insured to receive a double recovery. The probate court then specifically found that Brent's loss exceeded the total of the amounts paid by the state insurance and State Farm policies ($37,407.51 plus $25,000 = $62,407.51), and accordingly denied the Committee had any right of subrogation to any part of the monies paid by State Farm to Brent's estate.

After the probate court's decision on March 11th, the Committee filed a "motion for reconsideration" citing this court's March 1, 1993 ruling in *Higginbotham* and claiming that this more recent holding indicated that the *Bough* decision was not controlling of the facts here. More specifically, the Committee argued below (and now on appeal) that when an express subrogation clause is contained in the insurer's policy (not found in *Bough*), the subrogation agreement is controlling and permits the insurer to be reimbursed from the tortfeasor to the extent of the value of benefits or services furnished the insured by the insurer. The Committee's motion was deemed denied, and the Committee brings this appeal contending the lower court erred in failing to follow the *Higginbotham* decision.

■ We are unable to reach the merits of the parties' arguments as to whether the *Bough* or *Higginbotham* decision controls the instant case because the probate court had no subject matter jurisdiction to reach the ruling it rendered. In fairness to the trial court, this jurisdiction issue was not raised below, but Brent does argue it in this appeal. Even if Brent had failed to raise the jurisdiction issue on appeal, this court has said repeatedly that it is not only the right but the duty of this court to determine whether it has jurisdiction of the subject matter. *Hilburn* v. *1st State Bank of Springdale*, 259 Ark. 569, 535 S.W.2d 810 (1976). It is also settled law that subject matter jurisdiction is always open, cannot be waived, can be questioned for the first time on appeal, and can even be raised by this court. *Id.*

■ Probate court has exclusive jurisdiction over all matters of guardianship, other than guardians ad litem in other courts. *See* Ark. Code Ann. § 28-65-107(a) (1987); *Forehand* v. *American Collection Serv., Inc.*, 307 Ark. 342, 819 S.W.2d 282 (1991). In addition, the court in *Forehand* has stated that a guardian is under a duty to pay from the estate all just claims against the estate of the ward. *See also* Ark. Code Ann. § 28-65-317(a)(1) (1987). And under Ark. Code Ann. § 28-65-317(b), any person having a claim against the estate of the ward for services lawfully rendered to the ward or his estate for necessities furnished to the ward, or for the payment of a lawful liquidated claim or demand against the estate of the ward, the probate court, after notice and appropriate hearing, may direct the guardian to pay the claim. *See also First State Bank, Gdn.* v. *Thessing*, 241 Ark. 150, 406 S.W.2d 865 (1966). These statutory provisions also bring into focus the settled rule that probate court is a court of special and limited jurisdiction, having only such jurisdiction and powers as are conferred by the constitution or by statute, or necessarily incidental thereto. *Eddleman* v. *Estate of Farmer*, 294 Ark. 8, 740 S.W.2d 141 (1987). Finally, upon petition of the guardian of a ward's estate, the probate court may make an order authorizing the settlement or compromise of any claim by or against the ward or his estate, whether arising out of contract, tort, or otherwise, and whether arising before or after the appointment of the guardian. Ark. Code Ann. § 28-65-318(a) (1987).

■■ Brent argues the Committee's petition in this matter is designed to specifically enforce the subrogation provisions of the

state's health insurance plan, and because specific performance is an equitable remedy it is cognizable only in chancery court. *Hilburn*, 259 Ark. 569, 535 S.W.2d 810; *Morton* v. *Yell*, 239 Ark. 195, 388 S.W.2d 88 (1965). This court, however, has steadfastly adhered to the rule that equity will not enforce, by specific performance, a contract relating to personalty unless special or peculiar reasons exist which make it impossible for the injured party to obtain relief by way of damages in an action at law. *Morris* v. *Sparrow*, 225 Ark. 1019, 287 S.W.2d 583 (1956); *Stacy* v. *Hsi-Chi Lin*, 34 Ark. App. 97, 806 S.W.2d 15 (1991). Here, the Committee's purported claim or loss would undoubtedly be satisfied by the reimbursement of the monies it has expended for medical expenses in Brent's behalf. And because such damages are available in an action at law, we see no merit in Brent's attempt to characterize the Committee's action or claim as one for specific performance.

The second part of Brent's jurisdiction argument is not as easily dismissed. In this regard, Brent points to the language in § 28-65-317(b) which permits the probate court to pay claims against the estate of the ward (1) for services rendered to the ward for necessaries or (2) for payment of liquidated claims or demands against the Ward's estate. The Committee here has not framed its request to the probate court asking it to require the guardian to pay for necessaries provided Brent. Instead, the Committee requested the lower court to permit the Committee to be subrogated to Brent's rights against Hulsizer to the extent of the services or benefits provided Brent. Brent contested the Committee's claim to subrogation. In particular, the Committee asked the court to distribute Brent's settlement proceeds in accordance with the terms of the subrogation clause of the Committee's insurance plan. The Committee never requested or demanded recovery of any specific money amount(s).

For these same reasons, we also conclude the Committee's petition fails to assert or meet the requirements of a liquidated claim under § 28-65-317(b). As discussed above, probate court is a court of special and limited jurisdiction and has only such powers as are expressly conferred by statute or the constitution or necessarily incident thereto. Having failed to assert or present a constitutional or statutorily cognizable claim to the probate court, we must set aside the lower court's order which denied the Committee's petition.