CITY of SHANNON HILLS *v.* David L. SPARKS and Joe Claypool, d/b/a Claypool & Sparks Realty, Inc.

CA 95-23                                    916 S.W.2d 140

Court of Appeals of Arkansas
Division II
Opinion delivered March 6, 1996
[Petition for Rehearing denied April 14, 1996.]

*Roachell & Streett,* by: *Richard W. Roachell,* for appellant.

*Ellis Law Firm,* by: *George D. Ellis,* for appellees.

JOHN B. ROBBINS, Judge. Appellant City of Shannon Hills (Shannon Hills) brought an action against appellees David L. Sparks and Joe Claypool in the Saline County Chancery Court. In its complaint, Shannon Hills alleged that appellees had breached an oral contract to bring certain roads up to city specifications. Shannon Hills sought specific performance or, in the alternative, damages. In its answer, the appellees prayed that the case be transferred to circuit court because this was not a proper case for specific performance and chancery court lacked jurisdiction. The chancellor agreed and transferred the case to the Saline County Circuit Court.

A jury trial was held in Saline County Circuit Court. After Shannon Hills rested its case, the appellees moved for a directed verdict, which was granted. The trial court found that, even if a contract existed between the parties, Shannon Hills was not entitled to damages because none were suffered.

For reversal, Shannon Hills contends that the chancery court erred in transferring the action to circuit court. In addition, it argues that the circuit court erred in dismissing the case because it had a right to recover damages. We find no error and affirm.

Harold McIntire, Mayor of Shannon Hills, testified on behalf of the city. He stated that, in 1983, it came to his attention that the appellees were seeking approval to develop a subdivision to be known as Joan's Subdivision. He stated that appellees wanted Shannon Hills to accept the private gravel roads in the subdivision for dedication to the city as city roads. However, this request was denied. Later, on September 26, 1983, the city council conducted a meeting after which it approved the appellee's subdivision plans. However, as a condition to the approval, the appellees were required to bring the roads up to city standards in 7 ½ years. According to the mayor, the appellees were present at this meeting and did not object to the condition. It was also agreed that, at the discretion of Shannon Hills, the city was authorized to grade the roads, provide police patrol on the roads, and respond to any emergencies.

More than seven years later appellees had not paved the roads in question, yet they continued to develop the subdivision. Therefore, two months before the 7 ½-year period ended, the mayor notified appellees that the deadline was approaching and that the roads were not up to city specifications. The appellees failed to upgrade the roads, and this action was commenced.

Tommy Bond, a consulting engineer, also testified on behalf of Shannon Hills. He stated that, based on his estimation, it would cost $58,286.55 to bring the roads in Joan's Subdivision up to city specifications. Shannon Hills sought this amount as damages, and the mayor testified that this money would be used to pave the roads and bring them up to the city's standards.

Shannon Hills' first argument for reversal is that the chancery court erroneously transferred this case to circuit court. It asserts that, since its complaint sought specific performance, the chancery court had jurisdiction to hear the case. Shannon Hills acknowledges that, in order to be entitled to specific performance, a plaintiff must first show that it is able to perform its part of the bargain. *See McIllwain* v. *Bank of Harrisburg*, 18

Ark. App. 213, 713 S.W.2d 469 (1986). It asserts that its part of the bargain has been fully performed because it approved the subdivision, and that appellees should be ordered to fulfill its obligation to bring the roads up to city specifications. Shannon Hills further acknowledges that specific performance of an agreement will not be granted unless the subject matter is so unique that damages in an action at law would be inadequate. *See McCallister* v. *Patton*, 214 Ark. 293, 215 S.W.2d 701 (1948). However, it argues that special circumstances exist in the instant case which render specific performance the appropriate remedy. As a special circumstance, Shannon Hills asserts that damages may be difficult to recover. It also states that if damages are awarded, the city would have the added expense and inconvenience of soliciting bids and retaining a company to do the necessary paving. Finally, Shannon Hills asserts that it would be a burden if it were required to supervise their selected contractor, inspect the work, and make payment therefor.

We need not address Shannon Hills' argument that this case was erroneously transferred from chancery court because there is nothing in the abstract or record to demonstrate that Shannon Hills ever made any objection to the transfer. Since there is no evidence that Shannon Hills objected to the transfer, it effectively consented to the circuit court's adjudication of the controversy, and cannot now take issue with the transfer. *See Towell* v. *Shepherd*, 286 Ark. 143, 689 S.W.2d 564 (1985). Although counsel for Shannon Hills stated during oral arguments before this court that objections to the transfer were made to the chancellor, the record does not so reflect, and it is well established that it is the appellant's burden to bring up a record sufficient to demonstrate reversible error. *SD Leasing, Inc.* v. *RNF Corp.*, 278 Ark. 530, 647 S.W.2d 447 (1983). The record is silent as to any objection on this issue. Thus, it is not preserved for our review.

Shannon Hills' remaining argument is that the circuit court erred in directing a verdict in the appellee's favor, thereby denying Shannon Hills' claim for damages. It argues that it was under no obligation to approve appellees' request to develop Joan's Subdivision, and that it is now entitled to have the roads upgraded pursuant to the agreement between the parties. Shannon Hills further asserts that it would not have approved the

subdivision absent this agreement.

We need not decide whether a binding contract existed in this case because, as the circuit court found, even if appellees breached a contract with Shannon Hills, there was no proof that Shannon Hills suffered any damages. Although Shannon Hills was under no obligation to approve a development of this subdivision, doing so caused it no financial harm. The mayor and former council members conceded that the roads in question were not owned by the city, but were privately owned, and may never be dedicated to the city even if they were brought up to city standards. Therefore, the fact that appellees failed to pave the roads did not damage Shannon Hills. It simply had no property interest in the roads.

Shannon Hills seems to suggest that approval of the subdivision caused them the expense of providing fire and police protection, as well as performing minor repairs to the roads as they become necessary. However, it provided no proof of the cost of such undertakings, and its request for damages apparently did not include such cost. Moreover, it is undisputed that the city was not required to provide these services and rendered them at its sole discretion.

In *Lytle* v. *Wal-Mart Stores, Inc.*, 309 Ark. 142, 827 S.W.2d 652 (1992), our supreme court quoted from *Howard* v. *Hicks*, 304 Ark. 112, 800 S.W.2d 706 (1990), as follows:

> [I]n addressing the issue of whether a directed verdict should have been granted, we must view the evidence in the light most favorable to the party against whom the verdict is sought and give it its highest probative value, taking into account all reasonable inferences deducible from it. Where the evidence is such that fair-minded people might have different conclusions, then a jury question is presented, and the directed verdict should be reversed.

*Lytle* at 143.

In the case at bar, we find no error in the circuit court's conclusion that a jury question was not presented due to Shannon Hills' failure to prove any damages. Thus, we affirm its decision to grant a directed verdict in favor of the appellees.

Affirmed.

JENNINGS, C.J., and GRIFFEN, J., agree.