McReynolds v. First National Bank.

Opinion delivered December 18, 1922.

1. Mortgages—mistake as to mortgagor's initials.—Where one full Christian name of the grantor in a deed or mortgage is used, this imparts notice to one examining the title, though there is an error in the middle initial of his name; but where

initials only are used, they take the place of the Christian name, and in such case the correct initials are necessary to give notice.

2.   Banks and banking—presumption as to signature.—Where the signature of mortgagee bank appeared after the indorsement on the mortgage, "This instrument to be filed but not recorded," and the proof showed that the mortgage was executed to the bank to secure a *bona fide* note due to the bank by the mortgagor, it was inferable that the bank's signature was placed there by some one having authority to do so.

Appeal from Conway Chancery Court; *W. E. Atkinson,* Chancellor; affirmed.

STATEMENT OF FACTS.

The First National Bank brought this suit in equity against W. A. Hunter and T. M. McReynolds to obtain an accounting for certain property alleged to belong to the plaintiff under a mortgage executed to it by W. A. Hunter.

The facts, briefly stated, are as follows: On the 10th day of February, 1920, W. A. Hunter executed a chattel mortgage on his crop and other personal property to T. M. Reynolds to secure a note for $220 and an open account. The mortgage was duly filed for record on the 18th day of February, 1920, and was signed by said Hunter, "W. H. Hunter." On the 14th day of April, 1920, W. A. Hunter executed a mortgage to the Citizens' Bank on the same property to secure a note for $257.57 and an open account. This mortgage was filed for record on the 20th day of April, 1920, and bears the following indorsement: "This instrument to be filed, but not recorded. (Signed) Citizens' Bank."

The correct name of the mortgagor is W. A. Hunter.

T. M. McReynolds did not know Hunter personally and did not know what the correct initials of his name were at the time Hunter executed the mortgage in question to him. The notes and the mortgages given to secure the same were offered in evidence by each party. The Citizens' Bank duly transferred its note and mortgage to the First National Bank, the plaintiff in the court below.

The chancery court found that the mortgage of the plaintiff was a superior lien to that of T. M. McReynolds, and a decree was entered accordingly. To reverse that decree T. M. McReynolds has duly prosecuted an appeal to this court.

*Edward Gordon,* for appellant.

Sec. 7384, C. & M. Dig., requires the indorsement on a chattel mortgage to be signed by the mortgagee, his agent or attorney. 130 Ark. 290; 37 Ark. 507; 43 Ark. 144; 52 Ark. 164; 83 Ark. 109; 121 Ark. 346. The case is ruled by 59 Ark. 151. The middle initial of a name is immaterial. 12 Ark. 622; 3 Pet. 1; 14 Pet. 322.

*Strait & Strait,* for appellee.

The indorsement was properly signed. 60 Ark. 112; 40 Ark. 431. A mortgage executed by a person signing false initials does not constitute notice. 59 Ark. 151; 32 L. R. A. N. S. 243; 97 Am. St. Rep. 54; Sup. Ct. Rep., vol. 9, No. 6, p. 448; 7 L. R. A. N. S. 415; 25 L. R. A. N. S. 1211; 25 L. R. A. 543; 26 S. W. 821; 53 Am. Dec. 586; 47 Am. Dec. 305; 24 Am. St. Rep. 728.

Hart, J. (after stating the facts). It will be noted that the correct name of the mortgagor is W. A. Hunter. The mortgage to T. M. McReynolds was executed first, but it was signed by Hunter as W. H. Hunter instead of W. A. Hunter. The mortgage to the Citizens' Bank, while executed on a later date, was signed by Hunter under his correct name, W. A. Hunter.

Counsel for the defendant seeks to reverse the decision of the chancellor on the authority of *Fincher* v. *Hanegan,* 59 Ark. 151. In that case the court held that a mistake in the initial of the middle name of a mortgagor does not necessarily defeat the effect of the record as notice, under the common-law rule that the middle initial of a name is immaterial where the Christian name is used, and where it did not appear that there was more than one person of that name in the county. In that case the true name of the mortgagor was Henry M. Ward, and he signed the mortgage as Henry N. Ward. By the com-

mon law, a full name consists of one Christian or given name and one surname, and the two constitute the legal name of the person. The middle name or middle initial of a person does not affect his legal name. So the court held that, because the law knows only one Christian name, a wrong middle initial might be inserted in a mortgage without affecting its validity.

We do not think that case is an authority in the present case. There the mortgagor executed the mortgage by his full or true Christian name and surname. Here he executed the first mortgage by using his initials only. It has grown into such universal practice to sign one's name by using the initials instead of the full Christian name that it would not do to hold that a mistake in the middle initial amounted to no more than such a mistake when the Christian name is written in full. If such is the case, the recording act will fall short of its purpose. The difference in the two classes is apparent. To illustrate, suppose two brothers should be named William H. Hunter and Wiley A. Hunter. If each one should sign a deed or mortgage by using his initials instead of his full Christian name no harm would result, for one would sign W. H. Hunter and the other W. A. Hunter. In such case there could be no confusion about who signed the mortgage, and no one would be misled by examining the records.

Again suppose one should use his full Christian name "William" and the other his full Christian name, "Wiley;" any one who knew the parties, in examining the records would not be misled, even though the wrong middle initial might be inserted after the Christian name. The reason is that the party searching the record would be guided by the Christian name, "William" or "Wiley," and this would call his attention to the fact that a mistake had been made in the middle initial, and he would not be misled.

On the other hand, if the initials only were used, it is obvious that confusion, which might lead to harm or injury to the person searching the records, if a mistake in

the middle initial should be considered as immaterial, might result. In such case, no Christian name being used, the initials take the place of it and the correct initials must be used, else the record will not operate as notice. In other words, when the full Christian name is used that imports notice to the one examining the records as to the identity of the grantor in the deed or mortgage. If the initials only are used, the correct initials must appear in the record in order to give notice or to prevent mistakes. *Johnson* v. *Wilson* (Ala.), 34 Sou. 392, 97 Am. St. Rep. 52, and case note to *Burns* v. *Ross* (Pa.), 7 L. R. A. (N. S.) 415, and *First National Bank* v. *Hacoda Mercantile Co.* (Ala.), 53 Sou. 802, 32 L. R. A. (N. S.) 243.

Again it is sought to reverse the decree on the ground that it is not shown that the bank signed the indorsement "This instrument to be filed but not recorded." There appears after the indorsement the signature "Citizens' Bank." It is true there is nothing in the indorsement to show that it was duly authorized by the board of directors. The proof shows that the mortgage in question was executed to the Citizens' Bank to secure a *bona fide* note due by W. A. Hunter to that bank. The mortgage was delivered to the recorder of deeds "to be filed but not recorded," as provided by the statute. The indorsement was in the language of the statute and bore the signature of the mortgagee. Under the circumstances it is fairly inferable that the signature of the mortgagee was placed there by some one having authority to do so. See *Price* v. *Skillern,* 60 Ark. 112.

It follows that the decree must be affirmed.