FIRST NATIONAL BANK OF HARTFORD *v.* LEWIS.

Opinion delivered January 14, 1924.

1. APPEAL AND ERROR—CONFLICT IN INSTRUCTIONS—HARMLESS ERROR. —In an action by a bank against the indorsers of a note, while a correct instruction that it was the duty of the bank to use reasonable diligence in filing the mortgage which secured the note, was contradicted by an erroneous one to the effect that it was the bank's duty to file the mortgage in apt time, no prejudice resulted where the bank delayed for an unreasonable time before filing the mortgage.

2. MORTGAGES—NAME OF MORTGAGOR.—Where a mortgagor was the same person in two mortgages of same property under different names by which he was known, both mortgages were valid between the parties thereto, and the question of priority depended upon the date of filing.

Appeal from Sebastian Circuit Court, Greenwood District; *John E. Tatum,* Judge; affirmed.

*A. M. Dobbs* and *G. W. Dodd,* for appellant.

Plaintiff's motion for a directed verdict in its favor should have been sustained:

1. Before the defendants could recover on their cross-complaint, it was necessary to show that they would have had a valid subsisting lien by virtue of their mortgage, if it had been filed without delay; and, in order to make of the mortgage a valid and subsisting lien, it must have been indorsed as required by C. & M. Digest, § 7384; 130 Ark. 287; 37 Ark. 507; 43 Ark. 144; 52 Ark. 164; 83 Ark. 109; 121 Ark. 346.

2. When Presson took the cotton, defendants' mortgage was then on file, and if their mortgagor's correct name was J. H. Rottenberry, they could have recovered as against Presson, even though Presson's mortgage was filed prior to their mortgage, and if J. P. Rodenberry was the man's correct name, they could not have recovered as against Presson, if their mortgage had been filed as it is alleged should have been. 156 Ark. 291; 34 So. (Ala.) 392.

3. The burden was on appellees to show that the mortgage given by their principal to Presson was a valid lien, in order to establish their case for recoupment against the appellant bank; and, in order to do this, it devolved on them to show that the Presson mortgage was supported by a valid subsisting indebtedness. 156 Ark. 142.

*Holland & Holland,* for appellees.

1. Appellant became the agent of appellees for the purpose of filing the mortgage. It was therefore its duty to properly indorse and sign the mortgage in compliance with the statute, C. & M. Digest, § 7384. If it be held that there was no proper indorsement on the mortgage, the fault lies with the appellant. 11 Corpus Juris, 510, § 186. See 121 Ark. 349; 40 Ark. 431; 60 Ark. 112. Substantial compliance with the statute is all that is required.

130 Ark. 287, and cases cited.  Appellant should not be permitted to take advantage of its own fault or negligent act, nor to plead the same as a defense.  54 Ark. 273; 20 R. C. L. 22.

2.  If appellant had promptly filed the mortgage, it would have been notice to a searcher of the records, and notice to the subsequent mortgagee, Presson, notwithstanding the slight misprision in the spelling of the names, since it recited such facts and matter as to place a person on inquiry from which the identity of the mortgagor and of the property would have been revealed. 152 N. W. 354; 19 R. C. L. 288; 23 R. C. L. 194; 54 Ark. 273.

Smith, J.   J. H. Rottenberry borrowed a sum of money from the Bank of Hartford and executed a note therefor on April 19, 1920, with M. B. Lewis and J. W. Smedley as indorsers.  To hold the indorsers or sureties harmless a mortgage was taken on certain live stock and a crop of cotton.  This mortgage, which was dated April 19, 1920, was left with the bank to be indorsed and filed with the clerk and recorder, but was not indorsed and filed until May 26, 1920.

On May 5, 1920, the same mortgagor, under the name of J. P. Rodenbery, executed a second mortgage to J. L. Presson, on the same property, and on that date Presson indorsed his mortgage: "This instrument to be filed but not recorded.  (Signed) J. L. Presson, mortgagee," and filed it with the clerk and recorder on that date.

When the mortgage to Smedley and Lewis was filed it contained the following indorsement:  "J. H. Rottenberry, mortgagor, to J. W. Smedley and M. B. Lewis, mortgagees. This instrument to be filed but not recorded. Bank of Hartford, by ........................................."

The proceeds of the mortgaged property were used in paying the Presson debt.

The Bank of Hartford was succeeded by the First National Bank of Hartford, which bank sued the signers

of the note, upon its maturity and nonpayment, and Smedley and Lewis defended upon the ground that the bank, through its negligence in failing to file the mortgage to them, had occasioned them a loss in excess of their liability on the note sued on. There was a verdict and judgment for Smedley and Lewis, and the bank has appealed.

The court gave, at the bank's request, an instruction to the effect that it was the duty of the bank to use reasonable diligence in filing the mortgage; and also gave an instruction, at the defendant's request, to the effect that it was the bank's duty to file the mortgage in apt time. It is pointed out that these instructions are in conflict, and that the one given at the bank's request correctly declared the law. We think this is true, but, in our opinion, no prejudice resulted from this conflict, because the bank delayed for an unreasonable length of time the filing of this mortgage. As we have said, the mortgage was executed April 19, and was not filed until May 26, and no explanation was offered of this delay for thirty-seven days to do a thing which could have been done in a short time on any day.

It is insisted, for the reversal of the judgment, that there was no damage to Smedley and Lewis, for the reason that the mortgage to them would not have been a lien on the property therein described. Two reasons for this statement are advanced. The first is that the mortgage as filed was not properly indorsed, and could not, therefore, have been a lien on the property mortgaged. Two answers are made to this argument. The first is that the bank, having undertaken to file the mortgage, could and should have made a proper indorsement thereon, and could not free itself of this responsibility by making an indorsement which was insufficient to accomplish the purpose of its agency. The second answer is that the bank so long delayed the filing that a proper indorsement would have been ineffective, as the second mortgage was filed before the Smedley and Lewis mortgage was filed. In other words, the lien of the sec-

ond. mortgage had attached by the prior filing of that mortgage before the bank offered to file the Smedley and Lewis mortgage, and the prior lien thus acquired would not have been displaced, even though the Smedley and Lewis mortgage had been properly indorsed.

The second insistence is that, when Presson took the cotton, resulting in appellees' loss, their mortgage was then on file, and, if the mortgagor's name was J. H. Rottenberry, they could have recovered as against Presson, even though the Presson mortgage was filed prior to their mortgage; and if J. P. Rodenbery was the mortgagor's correct name, they could not have recovered as against Presson, if their mortgage had been filed promptly.

In support of this contention the case of *McReynolds* v. *First National Bank,* 156 Ark. 291, is cited. In this case it was held (to quote a syllabus): "Where one full Christian name of the grantor in a deed or mortgage is used, this imparts notice to one examining the title, though there is an error in the middle initial of his name; but where initials only are used, they take the place of the Christian name, and in such case the correct initials are necessary to give notice."

There would be much force in this argument if the question were whether the mortgagor's name was Rottenberry or Rodenbery; but the testimony shows that the mortgagor was the same person in both mortgages, and that he was known by both names. This being true, both mortgages were valid as between the parties thereto, and the question of priority would depend upon the date of filing. This being true, it would be no defense for the bank to show that, when it filed the mortgage from Rottenberry, no other mortgage from Rottenberry had been filed, because the mortgage from Rodenberry had been previously filed, and that was a valid mortgage because the mortgagor was known and could be identified by the name which he there signed. There was no mistake in the initials, such as was present

in the McReynolds case, *supra,* and, unlike the McReynolds case, each mortgage here considered would have constituted a valid lien from the time of its proper filing.

There appears to be no error, and the judgment is affirmed.