LEACH *v*. BALD KNOB STATE BANK.

Opinion delivered March 3, 1924.

1. MORTGAGES—INDORSEMENT OF CHATTEL MORTGAGE.—A chattel mortgage on file in the clerk's office, which had the printed indorsement: "This instrument to be filed but not recorded," followed by the printed signature of the mortgagee, is constructive notice to a purchaser of the crop.

2. MORTGAGES—AUTHORITY TO FILE.—It will be presumed from the fact of a chattel mortgage being filed in the office of the recorder that such filing was authorized.

Appeal from White Chancery Court; *John E. Martineau*, Chancellor; affirmed.

*John E. Miller* and *C. E. Yingling*, for appellant.

There was no substantial compliance with the statute with reference to signing the indorsement on the mortgage directing it to be filed but not recorded. C. & M. Digest, § 7384. The mortgagee here was a corporation, which could only file the instrument through an agent or attorney, and the indorsement must necessarily have been signed by agent or attorney. The deed of trust was written on a printed form of the corporation, and the required indorsement was evidently printed by the printer at the time the form was printed. Certainly he cannot be said to have had authority to make the indorsement. 130 Ark. 287-290; 37 Ark. 507; 43 Ark. 144; 52 Ark. 164; 83 Ark. 109; 121 Ark. 346; 105 N. C. 131.

*Culbert L. Pearce*, for appellee.

The indorsement and signature thereto are sufficient. Substantial compliance with the statute is all that is required.    40 Ark. 431; 52 Ark. 167; 60 Ark. 112; 112 Ark. 118; 121 Ark. 349; 130 Ark. 287.    A printed signature is as effective as a written one.    2 N. E. 299; 37 Minn. 250, 5 A. S. R. 841; 73 Conn. 341; 43 Ky. 226; 144 Ia. 80; 101 Ark. 144; 37 L. R. A. (N. S.) 352; 120 Ia. 518; L. R. A. 1917B, 381; 177 Pac. 707; 7 A. L. R. 670.

WOOD, J.    This is an action by the appellee against the appellant.    The appellee, in its complaint, alleged that it was entitled to the possession of certain personal property by virtue of a chattel deed of trust executed by the owners of the property to the "Big Bend Plantation Company," a corporation, to secure certain notes, and that the appellee had become the owner of one of the notes for value before maturity; that the appellant was claiming an interest in the property also under a deed of trust which had been executed by the owners subsequent to the chattel deed of trust under which the appellee claims.    The deed of trust under which the appellee claims was executed June 26, 1920, and had printed on the back of same the following: "This instrument to be filed but not recorded.    Big Bend Plantation Company, West Point, Arkansas."

It was marked filed on the 10th day of November, 1920, at 8 o'clock, A. M., signed Elmer W. Smith, circuit clerk and ex-officio recorder.

The deed of trust under which the appellant claims was filed on May 17, 1921, in the office of the recorder of deeds of White County, Arkansas.    The deeds of trust covered the same property.    The appellant had no actual notice of the claim of the appellee to the property at the time the deed of trust under which he claims was filed for record.    The chancery court held that the deed of trust under which the appellee claims was superior, and gave the appellee the right to the property included therein as against the appellant, and rendered a decree in favor of the appellee against the appellant in the sum of $252.78, from which is this appeal.

The only question presented by this appeal is whether or not the words "Big Bend Plantation Company," printed on the back of the deed of trust, following the words "This instrument is to be filed but not recorded," were sufficient to cause the deed of trust, under which the appellee claims, to be filed in the recorder's office of White County so as to give the appellee a prior and superior lien on the property to the lien of the deed of trust under which the appellant claims.

Section 7384 of Crawford & Moses' Digest provides as follows: "Whenever any mortgage or conveyance intended to operate as a mortgage of personal property, or any deed of trust upon personal property, shall be filed with any recorder of this State, upon which is indorsed the following words, 'This instrument is to be filed, but not recorded,' and which indorsement is signed by the mortgagee, his agent or attorney, the said instrument, when so received, shall be marked 'Filed' by the recorder, with the time of filing upon the back of said instrument; and he shall file the same in his office, and it shall be a lien upon the property therein described from the time of filing, and the same shall be kept for the inspection of all persons interested; and such instrument shall thenceforth be notice to all the world of the contents thereof, without further recording."

In *Nix* v. *Watts,* 121 Ark. 349, we said: "The effect of our decisions upon this statute is to make any indorsement on the mortgage of the import required by the statute sufficient."

In *Continental Supply Company* v. *Thomas,* 130 Ark. 287, we said: "This court has held that a substantial compliance with the statute is all that is required in order to create a lien good as against strangers on the personal property described in a chattel mortgage."

In the more recent case of *McReynolds* v. *First National Bank,* 156 Ark. 291, the mortgage was indorsed "This instrument is to be filed, but not recorded." After these words was the signature "Citizens' Bank." In that case it was sought to reverse the decree on the

ground that it was not shown that the bank signed the indorsement. Answering this contention, we said: ''It is true there is nothing in the indorsement to show that it was duly authorized by the board of directors. \* \* \* The mortgage was delivered to the recorder of deeds to be filed but not recorded, as provided by the statute. The indorsement was in the language of the statute, and bore the signature of the mortgagee. Under the circumstances it is fairly inferable that the signature of the mortgagee was placed there by some one having authority to do so.''

In *Lee* v. *Vaughan's Seed Store,* 101 Ark. 68, there was an alleged contract signed by appellant, and the name of appellee was printed in capital letters in the body of the contract, but was not written or printed at the bottom of the contract, where the signature of appellant appeared, nor was the name of appellee written anywhere in the instrument by the agent of appellee. This court held that the alleged contract was not signed by the appellee, within the meaning of the statute of frauds. We said: ''There must be a writing, stamping or printing of the name by the party to be charged, in person or through a duly authorized agent, with the *intention of authenticating and finally adopting the writing as his own.*''

Learned counsel for the appellant, and also for the appellee, rely upon that case as supporting their respective contentions. They cannot both be correct. The case is authority for the contention of the appellee, because the name of the party sought to be charged by the purported contract in that case was not printed or signed in any place in the instrument where it could be said that it was proper to place the signature with the intention of making it the final signature of the party to be charged. The printing of the name of the party to be charged in the body of the instrument in that case, we held, did not constitute a signing thereof within the meaning of the statute of frauds, because the body of the instrument showed that it was intended to be further executed, and the printing of the name was not a final signature. But in the

case at bar the printing of the name of the mortgagee, "Big Bend Plantation Company," was in the very place on the instrument where it had to be in order to authenticate the same for filing.  The name, "Big Bend Plantation Company," following the words "This instrument is to be filed, but not recorded," is in exact compliance with the requirements of the statute as to the signing of the name of the mortgagee, where the purpose is to have the mortgage filed but not recorded.

The Honorable James B. McDonough, of the Fort Smith bar, has contributed a valuable article, entitled "Statutes of Frauds, Signature, and Waiver," to the Central Law Journal, vol. 74, at p. 339.  Among other things he says:   "It is true that the signature, whatever it may be, must be made with the intention to authenticate the instrument.  It is not necessary that the signature should be in writing, nor is it necessary that it should be subscribed to the contract.  A printed or stamped name is sufficient, if intended as a signature."  He cites, to support his statement, 20 Cyc., p. 274-5, and the cases there collected, which are quite numerous.  Other cases to the same effect are cited in the brief of counsel for the appellee.

Our statutes, *supra,* require the name of the mortgagee to be signed to the words, "This instrument is to be filed, but not recorded," indorsed on the back of the instrument, and whenever the name appears at that place, whether it be written or printed, it is sufficient; and where the mortgagee is a corporation, as it was in the case in hand, it is a sufficient signature, under the statute, where the name of the corporation is printed, following the indorsement, where the signature of the corporation must appear.

It appears from the agreed statement of facts in this case that the deed of trust under which the appellee claims was executed to the Big Bend Plantation Company.  This instrument was filed on the 10th day of November, 1920, at 8 o'clock A. M., in the office of the recorder of deeds and mortgages in White County.  It

must be inferred from the fact that it was so filed that the instrument was placed in the recorder's office by some one who had the authority to do so. *McReynolds* v. *First National Bank, supra.* It follows that the deed of trust under which appellee claims was a first lien on the property in controversy, and that appellee's rights therein are prior and superior to the rights of appellant. The trial court ruled correctly in so holding, and its decree is therefore affirmed.