WALKER, EXECUTOR, *v.* EMRICH.

4-8363                                    206 S. W. 2d 769

Opinion delivered December 22, 1947.

*Claude Duty,* for appellant.

*Jeff Duty,* for appellee.

ED. F. McFADDIN, Justice. This suit is an attempt by appellant to cancel a lease of a store building.

Appellant, as plaintiff below, filed his amended and substituted complaint in the chancery court, alleging:

(1) that plaintiff is the executor of the last will and testament of Mrs. Nora Rice, deceased, and, as such, is under duty to sell the real estate of the deceased;

(2) that the deceased was the owner of the store building involved in this litigation, and now occupied by the defendant Robert Emrich;

(3) that the defendant "is a tenant in this property and claims the right to use and occupy same until June 6, 1955"; and such claim for continued occupancy prevents the plaintiff from selling the property, and thereby damages the estate;

(4) that the defendant claims that he has the right to hold possession until June 6, 1955, by virtue of a certain written lease as follows:

"RENT CONTRACT

"This contract made and entered into this day by and between Jimmie J. Penn, Lessee, and Lewis Machine Company of Joplin, Mo., as tenant for sub-lease, is as follows, to-wit:

"The said ................................................ hereby lets for rental purposes unto the said Lewis Machine Company from

June 10, 1946, to December 1, 1950,* with option for another five years, the following:

"The building at 113 West Elm Street in Rogers, Arkansas, now occupied by the Rogers Auto Supply, for the purpose of continuing the business of said Rogers Auto Supply. The monthly rental to be $50 payable on the tenth day of each month in advance.

"The sub-lessee hereby agrees to keep the building in good condition and to return it to the lessee at the expiration of this lease in as good condition as it now is.

"Signed in triplicate this 6th day of June, 1946.

"(Signed) Jimmie J. Penn, Lessee.

"Rogers Auto Supply,

"By Carl C. Zimmerman, sub-tenant.

"Approved by owner: (Signed) Nora M. Rice."

(5) that the sub-lease instrument was approved by Mrs. Nora Rice (appellant's testate) under these circumstances: on June 6, 1946, Jimmie J. Penn had the building rented from Mrs. Rice on a month-to-month basis, and was operating the Rogers Auto Supply, in the building, for the Lewis Machine Company, a Missouri corporation; and Jimmie J. Penn prepared the sub-lease and obtained Mrs. Rice's signed approval; but instead of the sub-lease being signed by Lewis Machine Company, it was signed in its trade name, *i. e.*, "Rogers Auto Supply"— by Carl C. Zimmerman, a fellow-employee with Penn in the business;

(6) that the sub-lease agreement was not signed in the firm name of Lewis Machine Company, because that company was a Missouri corporation, and had no permit to do business in Arkansas, and the officers of the Lewis Machine Company directed Zimmerman to sign the lease "with and for the fraudulent purpose and intent to avoid and evade the laws of the State of Arkansas, requiring

---

* In the transcript the date is shown as *1940*, but this is evidently a typographical error, since the pleadings show that it should be *1950*.

foreign corporations to be licensed in this State in order to transact business within the State of Arkansas;. . . . that the Lewis Machine Company was and is a reliable company and that if said contract had been signed by it and if it had been licensed at the time of this transaction, within the State of Arkansas, then said contract would have been in every way good and binding'';

(7) that in June, 1947, the Lewis Machine Company discharged Zimmerman, and placed the defendant Robert Emrich in charge of the Rogers Auto Supply, and that Emrich is now operating the business, but that he is insolvent and without financial resources; and that Emrich's statement—to the effect that he can occupy the building for the Rogers Auto Supply until June 6, 1955— is preventing the plaintiff from selling the building and causing irreparable loss to the estate of which plaintiff is executor.

The prayer of the complaint was: ''Wherefore, plaintiff prays that by proper order, judgment and decree of this Court, said rent contract be canceled, set aside and held for naught together with such other and further relief as to which plaintiff may show himself entitled.''

The chancery court sustained the defendant's general and special demurrer, and dismissed the complaint; and the plaintiff has appealed.

Many interesting questions are presented, such as (1) possession as necessary to maintain suit to remove cloud from title; (2) whether a landlord can maintain a suit to cancel a lease in the absence of a prayer for possession; and (3) the adequacy of the plaintiff's remedy at law. We forego discussion of these questions, because the only defendant in this case is ''Robert Emrich doing business as Rogers Auto Supply''; and the allegations in the complaint show that no cause of action is alleged against Emrich.

Under the allegations of the complaint, the Lewis Machine Company has all the time owned and operated

the business under the trade name of Rogers Auto Supply, and Jimmie J. Penn, Carl C. Zimmerman and Robert Emrich have been merely agents and employees of said Lewis Machine Company. Furthermore, under the allegations of the complaint, Zimmerman—in signing the lease agreement—signed the trade name of Lewis Machine Company, i. e., Rogers Auto Supply, at the direction of the vice-president of the Lewis Machine Company. These allegations are sufficient to justify the claim that the corporation—Lewis Machine Company—is the real defendant in interest. In 58 C. J. 720, the following is stated as the substance of judicial holdings relating to the form of signatures: "As a general rule a party may use any character, symbol, figures, or designation he thinks proper to adopt as a signature, and be bound thereby, provided it was used as a substitute for his name. A party may also use a fictitious name, a firm name, or the name of another; . . . " See, also, 2 C. J. 671-2.

Thus, the Lewis Machine Company in having the lease agreement signed in its trade name became a necessary party defendant under the allegations of the complaint. Robert Emrich—the only named defendant—was merely an agent; the corporation, as such, should have been sued. The fact that the Lewis Machine Company is alleged to be a Missouri corporation doing business in this State without a permit would prevent the Lewis Machine Company from using the courts of this State (see § 2251, Pope's Digest); but does not prevent the Lewis Machine Company from being sued in this State. See *Mushrush* v. *Downing*, 181 Ark. 85, 24 S. W. 2d 972.

There is no necessity for us to consider here such questions as (1) whether the foreign corporation, under the allegations made, has forfeited the benefit of its contract for failure to obtain a permit; or (2) whether Mrs. Rice, in dealing with the Lewis Machine Company, knew that it did not have a permit to do business in this State, and thereby estopped herself from claiming the contract to be forfeited for such reason. These are matters that

cannot be considered until there are proper parties before the court. The extent of our holding in this case is, that the plaintiff's complaint showed on its face that the real defendant was the Lewis Machine Company, and since that company was not a party, the chancery court correctly sustained the demurrer.

Affirmed.