MARTHA STOKER, Appellant and Cross–Respondent, v. JIM MARSH AMERICAN CORPORATION, a Nevada Corporation, Doing Business as JIM MARSH AMERICAN JEEP, VOLVO AND TRIUMPH, Respondent and Cross–Appellant.

No. 7833

March 17, 1975        532 P.2d 1031

*Darrell Lincoln Clark,* of Las Vegas, for Appellant and Cross-Respondent.

*Scotty Gladstone* and *Douglas J. Shoemaker,* of Las Vegas, for Respondent and Cross-Appellant.

## OPINION

*Per Curiam:*

Appellant Martha Stoker appeals a trial court decision in her favor for misrepresentations made to her in the purchase of a new automobile from respondent. She alleges the trial court erred in not awarding her punitive damages and also that the award of $1,150.00 in attorney's fees was insufficient.

1. The testimony and evidence do not reveal the trial court

abused its discretion in denying her request for punitive damages. Nevada Cement Co. v. Lemler, 89 Nev. 447, 514 P.2d 1180 (1973); Caple v. Raynel Campers, Inc., 90 Nev. 341, 526 P.2d 334 (1974).

2. Here, too, the award of attorney's fees lies in the sound discretion of the trial court. General Electric v. Bush, 88 Nev. 360, 498 P.2d 366 (1972); Brunzell v. Golden Gate Nat'l Bank, 85 Nev. 345, 455 P.2d 31 (1969). Although Mrs. Stoker claims that the attorney's fees charged her by her attorney (not the same attorney who handled this appeal) will cost her as much as she recovered in her lawsuit. That fact is not the sole measure for an award of attorney's fees. Considering the factors of time of preparation, trial and the preliminaries, the $1,150.00 award granted her by the court was reasonable.

The respondent's cross-appeal which alleged that Mrs. Stoker's rescission of the purchase contract was not timely and therefore ineffective is without merit. Frontier Mobile Home Sales, Inc. v. Trigleth, 505 S.W.2d 516 (Ark. 1974); Fablok Mills, Inc. v. Cocker Machine & Foundry Co., 310 A.2d 491 (N.J. Super. 1973); Tiger Motor Company v. McMurtry, 224 So.2d 638 (Ala. 1969); Zoss v. Royal Chevrolet, Inc., 11 UCC Rep. Ser. 527 (1972).

Cross-appeal dismissed. The judgment of the trial court is affirmed.