Larry HUGHES, d/b/a CHOCTAW HOMES OF RUSSELLVILLE and MFA SECURITY SERVICE CO. *v.* Charles A. BROWN and Jewel M. BROWN

CA 80-491                                      613 S.W. 2d 848

Court of Appeals of Arkansas
Opinion delivered April 15, 1981

172

*Young & Finley*, for appellants.

*Adams, Covington & Younes*, for appellees.

DONALD L. CORBIN, Judge. Appellees Charles A. Brown and Jewel M. Brown purchased a mobile home from the appellant Larry Hughes d/b/a Choctaw Homes of Russellville on December 13, 1978, for $16,150.00. Appellant installed the mobile home at a location known as Rose Hill. Subsequently, appellees requested that appellant move the mobile home to another site and this was done. Appellees filed suit in the chancery court of Searcy County, Arkansas, alleging that the mobile home was so improperly installed as to cause great damage to the mobile home; that it was not level or tightened down properly so as to cause it to become damaged to the extent that it could not be repaired or lived in. They asked for rescission and their expenses and costs. MFA Security Service Company, which purchased the contract, was dismissed as a party to the suit. The trial court held that the contract be rescinded. The court ordered appellant to remove the mobile home from the property of appellees and provide them with a comparable mobile home properly installed or pay to appellees any and all sums which they had previously paid to appellant less the sum of $500.00.

Appellant contends on appeal that the decision was against the preponderance of the evidence and that the relief granted is not supported by the evidence.

This action was brought as one for rescission. We observe that this transaction is governed by the Uniform Commercial Code and that the specific section of the Code controlling the Brown's action in this case is Ark. Stat. Ann. § 85-2-608 (Add. 1961) which deals with revocation of acceptance. See *Frontier Mobile Home Sales, Inc.* v. *Trigleth*, 256 Ark. 101, 505 S.W. 2d 516 (1974). Although the Uniform Commercial Code, in most instances, does not use the term "rescission," it has been held, and the commentators agree, that rescission and revocation of acceptance amount to the same thing under the Uniform Commercial Code. See *Peckham* v. *Larson Chevrolet-Buick-Oldsmobile, Inc.*, 99 Idaho 675, 587 P. 2d 816 (1978), and cases cited therein. See also *Marine Mart, Inc.* v. *Pearce*, 252 Ark. 601, 480 S.W. 2d 133 (1972)[1]. We, therefore, view and treat the Brown's action for "rescission" as one for "revocation of acceptance" under Ark. Stat. Ann. § 85-2-608. The principal issue in this case is whether the Browns have sufficiently established the elements necessary for a revocation of acceptance under Ark. Stat. Ann. § 85-2-608 which provides:

> *Revocation of acceptance in whole or in part.* —
> (1) The buyer may revoke his acceptance of a lot or commercial unit whose non-conformity substantially impairs its value to him if he has accepted it
> (a) on the reasonable assumption that its non-conformity would be cured and it has not been seasonably cured; or
> (b) without discovery of such non-conformity if his acceptance was reasonably induced either by the difficulty of discovery before acceptance or by the seller's assurances.
> (2) Revocation of acceptance must occur within a reasonable time after the buyer discovers or should have discovered the ground for it and before any substantial change in condition of the goods which is not caused by their own defects. It is not effective until the buyer notifies the seller of it.

---

[1] In *Marine Mart* v. *Pearce*, 252 Ark. 601, 480 S.W. 2d 133 (1972), the Court affirmed a decision by the chancellor ordering a "rescission" of the sales contract while applying the Uniform Commercial Code.

(3) A buyer who so revokes has the same rights and duties with regard to the goods involved as if he had rejected them.

Appellant contends that they properly performed the contract and argues that the evidence supports appellant's version of the transaction. The trial judge made a specific finding that as a result of improper placement and installation, the mobile home practically fell apart. The interior paneling had bent, the floor covering became loose and the plumbing fixtures became inoperable and loose. Where, as here, there are sharp conflicts in the testimony which must be resolved, to a considerable extent, upon evaluation of the credibility of witnesses, we must defer to the judgment of the trial judge because of the superiority of his position in making that determination. *Weber* v. *Weber*, 256 Ark. 549, 508 S.W. 2d 725 (1974); *Marine Mart, Inc.* v. *Pearce, supra*.

The chancellor, in effect, found that the goods were non-conforming and under *de novo* review we find that the revocation of acceptance was given within a reasonable time. The appellees made repeated efforts to have appellant correct the defects in the mobile home caused by the improper placement and installation of the mobile home on the appellees' property. Approximately four months after the purchase of the mobile home, the appellees notified appellant that they no longer wanted the mobile home and were turning the matter over to their attorney. A reasonable time for revocation depends on the "nature, purposes, and circumstances of such action". Ark. Stat. Ann. § 85-1-204(2). *Frontier Mobile Home Sales, Inc.* v. *Trigleth, supra*.

It is well recognized that we review chancery cases *de novo* on appeal and affirm when it appears correct from the record as a whole even though the chancellor has based his decision upon the wrong reason. *Sweeney* v. *Sweeney*, 267 Ark. 595, 593 S.W. 2d 21 (1980). Since we find that the appellees effectively revoked their acceptance of the contract under the Code we affirm the order entered by the chancery court.

Affirmed.

GLAZE, J., concurs in the result but disagrees that the Uniform Commercial Code is applicable to the facts in this cause.

