## PIERCE-ODOM, INC. a/k/a ODOM'S, INC., Conway, Arkansas *v.* Melvin EVENSON and Sybil M. EVENSON, His Wife

CA 81-338                    632 S.W.2d 247

Court of Appeals of Arkansas
Opinion delivered May 5, 1982

*Ronald K. Burton,* for appellant.

No brief for appellees.

Donald L. Corbin, Judge. Appellant, Pierce-Odom, Inc., appeals from a judgment granting appellees' petition for specific performance of a contract for the sale of a mobile home to appellees, Melvin Evenson and his wife, Sybil. We reverse and remand.

The testimony at trial indicated that the litigation arose out of the following transactions. On October 16, 1980, appellees went to appellant's mobile home lot in Conway, Arkansas, to look for a new mobile home. Gene DeHart,

who was employed by appellant, told appellees that he was the sales manager for the business and he showed the appellees several different models of mobile homes on the lot. Appellees told DeHart that they could not buy a mobile home until they sold some property they owned in Hamilton Hills subdivision in Fairfield Bay. Appellees testified that there was some discussion about appellees' property and the selling price. Appellees left the lot without entering into an agreement with DeHart. DeHart called the appellees on October 20 to inquire if they had sold their property and the appellees told him that they had not. According to appellees, DeHart then stated that his boss, Jerry Odom, had told him that Pierce-Odom would take their lot in on a trade for a new mobile home. DeHart told them that Pierce-Odom was not interested in the mobile home they were presently living in and appellees told him that they had a buyer for their mobile home. Appellees returned to the mobile home lot on October 21 and met again with DeHart. They inquired as to the whereabouts of Mr. Odom and were told by DeHart that he was out-of-town that day.

Appellees signed a contract prepared by DeHart for the sale of a mobile home. The contract set forth the terms of the sale including the trade-in of the appellees' property at Fairfield Bay as partial payment for the new mobile home. However, no representative of Pierce-Odom signed the contract. Appellees paid $100.00 as a down-payment and told DeHart that they would call back and arrange for delivery of the new mobile home after talking with the purchaser of their old mobile home. The appellees later called Mr. DeHart and he reported that the mobile home could be delivered on Friday of that week.

Prior to the time that the mobile home was to be delivered, the appellees cashed a certificate of deposit and had a deed prepared to transfer the real property in preparation for carrying out the contract. They also sold their old mobile home and had it removed from their lot in preparation for the delivery of the new mobile home. On the day before the mobile home was to be delivered, Jerry Odom, owner of the mobile home lot, called the appellees and asked for directions to their lot in Hamilton Hills subdivision

which the appellees provided. Later that evening, DeHart called the appellees and told them that Jerry Odom had changed his mind on the agreement because he did not want the lot after seeing it. Appellees then brought this action for specific performance asking the court to order Pierce-Odom, Inc., to deliver the particular mobile home they had selected and also asking the court to require Pierce-Odom, Inc., to take the lot at Fairfield Bay. The Court granted the petition for specific performance and this appeal resulted.

The Court held that part performance of the contract by the appellees took this contract out of the Statute of Frauds. Ark. Stat. Ann. § 38-101 (Repl. 1962). In granting appellees' petition for specific performance, it is clear that the chancellor found appellees' testimony concerning the transactions to be credible. It should be noted that Gene DeHart was not called by appellant to refute any of the appellees' testimony regarding the transaction.

We agree with the chancellor that appellees proved a part performance of the contract for the sale of the mobile home so as to take the contract out of the Statute of Frauds. However, we do not believe this was a proper case for specific performance of a contract for the sale of a mobile home based on either prior case law or § 85-2-716 of the Uniform Commercial Code.

The cases prior to the adoption of the Uniform Commercial Code in Arkansas held that courts of equity would generally not order the specific performance of a contract for the sale of a chattel. See *McCallister* v. *Patton,* 214 Ark. 293, 215 S.W.2d 701 (1948), and cases cited therein. There was an exception to this general rule where the goods or chattels had a peculiar, unique, or sentimental value to the buyer not measurable in money damages. See *Morris* v. *Sparrow,* 225 Ark. 1019, 287 S.W.2d 583 (1956); *Chamber of Commerce of Hot Springs* v. *Barton,* 195 Ark. 274, 112 S.W.2d 619 (1938).

Arkansas cases have recognized that a mobile home is goods and therefore covered by the provisions of the Uniform Commercial Code. See *Choctaw Homes of Russellville* v. *Brown,* 1 Ark. App. 171, 613 S.W.2d 848 (1981);

*Frontier Mobile Home Sales, Inc.* v. *Trigleth,* 256 Ark. 101, 505 S.W.2d 516 (1974). The Uniform Commercial Code [Ark. Stat. Ann. § 85-2-716 (Add. 1961)] provides that "[s]pecific performance may be decreed where the goods are unique or in other proper circumstances." See cases collected at Vol. 3A, *Uniform Commercial Code Case Digest,* § 2716.3 (1981), for different views on the effect of U.C.C. § 2-716 and the remedy of specific performance.

There were no allegations or proof by appellees that this particular mobile home in question had a unique or peculiar value or that there were any circumstances requiring specific performance of the contract. Therefore, specific performance was not a proper remedy for the breach of this contract; but appellees are entitled to damages for its breach.

We hold that appellees should retain ownership to their lot at Fairfield Bay and we reverse and remand this case for the chancellor to determine appellees' damages for breach of the contract. See *Bierbaum* v. *City of Hamburg,* 262 Ark. 532, 559 S.W.2d 20 (1977).

Reversed and remanded.

COOPER, J., not participating.