Mr. Jim Pledger, Director Department of Finance and Administration P O Box 3278 Little Rock, AR 72203
Dear Mr. Pledger:
This is in response to your request for an opinion concerning a change in the Department's system for generating certificates of indebtedness and releases of liens. Specifically, you indicate that the new documents will be generated by a computer and will no longer contain either a holographic or facsimile signature of an agent or an attorney for the Commissioner of Revenues. The new documents will simply contain a typed "signature" which will read: "Timothy J. Leathers, Commissioner of Revenues by Judith Bonner, Collection Manager". You have indicated that at least one circuit clerk has stated that she will not accept for filing and recording the new certificates of indebtedness, maintaining that these documents must be "signed" in order to be recorded.
Your question relative to the above facts is whether a certificate of indebtedness and a release of lien must contain the holographic or facsimile signature of the Commissioner's agent before they may be filed and entered into the circuit clerk's judgment book.
For the reasons that follow, it is my opinion that a typewritten signature will, as a general matter, be sufficient for these documents.
The statutes which give rise to your question are A.C.A. 26-18-701
(Supp. 1989), and 26-18-706. The first authorizes the Director of the Department of Finance and Administration (DFA) to file a certificate of indebtedness certifying that a particular state taxpayer, (or rather a particular state non-taxpayer) is indebted to the state in a certain amount. The second allows the director to release the lien. The entry of the certificate constitutes a lien on the real and personal property of the taxpayer. Specifically, A.C.A. 26-18-701 provides that:
 (a)(1) If a taxpayer does not timely and properly pursue his remedies seeking relief from a decision of the Director of the Department of Finance and Administration and a final assessment is made against the taxpayer or if the taxpayer fails to pay the deficiency assessed upon notice and demand, then the director[1]
shall, as soon as practicable thereafter, issue to the circuit clerk of any county of the state a certificate of indebtedness certifying that the person named therein is indebted to the state for the amount of the tax established by the director as due.
The second statute, A.C.A. 26-18-706, does not contain the word "certify" but merely says the director may release the lien and that the release shall be given under his seal and filed in the office of the circuit clerk.
Under 26-18-701, the "certificate" must "certify" that the person named is indebted to the state in a certain amount. The word "certify" is defined by Black's Law Dictionary (5th ed. 1979) as [T]o authenticate or vouch for a thing in writing. To attest as being true or as represented". Black's supra at p. 207. The word "certificate" is defined in the same text as follows:
 A written assurance, or official representation, that some act has or has not been done, or some event occurred, or some legal formality has been complied with. A written assurance made or issuing from some court, and designed as a notice of things done therein, or as a warrant or authority to some other court, judge, or officer. A statement of some fact in a writing signed by the party certifying. A declaration in writing. A `certificate' by a public officer is a statement written and signed, but not necessarily sworn to, which is by law made evidence of the truth of the facts stated. . . . [Emphasis added.]
Black's, supra, at p. 205. See also, Cook v. Ziff Colored Masonic Lodge No. 119, 80 Ark. 31 (1906).
It is my opinion that, generally, a "certificate" requires a signature. The issue for resolution is whether a typewritten "signature" will suffice. It was stated in 80 C.J.S. Signatures 9 that:
 While the view has been taken that, under some circumstances at least, the typewritten name of an officer on an official document is not sufficient to constitute a signature, and a like view has been taken as to the use of a facsimile signature produced by a rubber stamp, it has been held or recognized that, under some circumstances, an officer may sign by means of a facsimile signature, or an autographed signature stamp, of a rubber stamp, or of a typewriter. [Footnotes omitted.]
80 C.J.S., Signatures 9 at p. 1296.
It was also noted in Wyoming Opinions of the Attorney General No. 81-11 that "[t]he modern rule appears to be that, in the absence of statutory or constitutional requirements to the contrary, any recognized method of signing official documents is sufficient." The Wyoming Attorney General also cited C.J.S. as stating that:
 In the absence of a statute prescribing the method of affixing a signature, it may be affixed in many different ways. It may be written by hand, and generally, in the absence of a statute otherwise providing, it may be printed, stamped, typewritten, engraved, photographed, or cut from one instrument and attached to another.
Wyo. Ops. No. 81-11 citing 80 C.J.S. Signatures, 7, at p. 1292.
Additionally, Black's Law Dictionary, supra, defines "signature" as follows:
 The act of putting one's name at the end of an instrument to attest its validity; the name thus written. A signature may be written by hand, printed, stamped, typewritten, engraved, photographed, or cut from one instrument and attached to another. . . .
Black's, supra at p. 1239. See also generally, Leach v. Bald Knob State Bank, 163 Ark. 91 (1924), and Lesser-Goldman Cotton Company v. Hembree, 163 Ark. 88 (1924).
It is my opinion that the same analysis applies to a signature on a release of lien, although no specific certification or signature is required under A.C.A. 26-18-706. Only a seal is required under that statute.
Another statute which may be relevant to the question is the "Uniform Facsimile Signatures of Public Officials Act", codified at A.C.A. 21-10-101 et seq. That act provides a procedure by which a public official may register his or her manual signature with the Secretary of State, and thereafter his facsimile signature will have the same legal effect as his manual signature and will be deemed to comply with any statute requiring a manual signature. A "facsimile signature" under the act is defined as "the reproduction by engraving, imprinting, stamping, or other means of the manual signature of an authorized officer". A.C.A.21-10-101(d). It may be contended that a "facsimile signature" is not at issue here because the "signature" appearing on the documents about which you inquire is not a reproduction of the manual signature, but simply a typed name. In any event, the act authorizes the facsimile signature only on "public securities" and "instruments of payment", which are defined respectively at A.C.A.21-10-101 (a) and (b) as follows:
As used in this chapter:
 (a) `Public security' means a bond, note, certificate of indebtedness, or other obligation for the payment of money, issued by this state or by any of its departments, agencies or other instrumentalities, or by any of its political subdivisions;
 (b) `Instrument of payment' means a check, draft, warrant, or order for the payment, delivery, or transfer of funds;
It appears at first blush that a "certificate of indebtedness" would fall within the provisions of the act as it is specifically listed as a "public security". It may be contended, however, that the act only contemplates facsimile signatures on certificates of indebtedness "issued" by the state, meaning upon which the state is indebted. The language of the emergency clause to the act appears to bear out this conclusion by stating that facsimile signatures are necessary to eliminate uncertainty in the financing of public projects funded by public securities. See Act 564 of 1983, 2.
It is thus my opinion that because A.C.A. 26-18-701 does not specify the precise method of the certification and thus the signature required on the certificates of indebtedness, and because A.C.A. 26-18-706 does not specify the method of signature on the release of lien, a typewritten signature is sufficient on both documents under Arkansas law.[2] This conclusion appears to be in accord with the modern rule and current weight of authority.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elana L. Cunningham.
[1] The statute requires the "director" to certify the facts contained in the certificate. "Director" is defined at A.C.A. 26-18-104 as". . . the Director of the Department of Finance and Administration, State of Arkansas, or the Administrative Assistant for Revenues, Department of Finance and Administration, State of Arkansas or his authorized agent." That is why the certificates and releases are signed by the agent of the Commissioner of Revenues, who is the "Administrative Assistant for Revenues."
[2] It should be noted, however, that the circuit clerk is not to accept these documents for filing unless they contain the information required by A.C.A. 14-18-103. Additionally, you have not posed the question as to whether the typewritten "signature" on these documents will preclude them from being self-authenticating under Rule 902 of the Arkansas Rules of Evidence. Accordingly, we will leave this issue to the courts for resolution.