The Honorable John E. Brown State Senator 17900 Ridgeway Drive Siloam Springs, AR 72761-8866
Dear Senator Brown:
I am writing in response to your request for my opinion on the following question:
 Is a facsimile signature sufficient to create a binding contract, especially as it may pertain in real estate transactions for purposes of a listing agreement, addendum, or sales contract?
RESPONSE: Yes.
DISCUSSION
As a general proposition, a contract is simply "[a]n agreement between two or more persons which creates an obligation to do or not to do a particular thing." BLACK'S LAW DICTIONARY (5th ed. 1979). Only under certain circumstances, memorialized in what is termed the "statute of frauds," is there any requirement that the terms of a contract be recorded in a signed writing. The Arkansas statute of frauds, A.C.A. §4-59-101, provides as follows:
 (a) Unless the agreement, promise, or contract, or some memorandum or note thereof, upon which an action is brought is made in writing and signed by the party to be charged therewith, or signed by some other person properly authorized by the person sought to be charged, no action shall be brought to charge any:
 (1) Executor or administrator, upon any special promise, to answer for any debt or damage out of his own estate;
 (2) Person, upon any special promise, to answer for the debt, default, or miscarriage of another;
(3) Person, upon an agreement made in consideration of marriage;
 (4) Person, upon any contract for the sale of lands, tenements, or hereditaments, or any interest in or concerning them;
 (5) Person, upon any lease of lands, tenements, or hereditaments for a longer term than one (1) year;
 (6) Person, upon any contract, promise, or agreement, that is not to be performed within one (1) year from the making of the contract, promise, or agreement.
 (b) No promise to pay a debt or obligation which has been discharged in bankruptcy shall be valid unless the promise is in writing.
 (c) No action may be maintained to charge any person upon any promise made after full age to pay any debt contracted during infancy, unless the promise or ratification is made by some writing signed by the party to be charged with the promise or ratification.
 (d) No action may be maintained by or against any person or entity on any agreement to extend credit or to renew or modify existing credit in an amount greater than ten thousand dollars ($10,000) or to make any other accommodation relating to such credit, unless the agreement is in writing and is signed by the party to be charged with the agreement, or the duly authorized agent of such party.
(e) For the purpose of this section:
 (1) "Agreement" means any agreement, contract, promise, undertaking, or commitment, or any modification thereof, and
 (2) "Credit" means the loaning of money, the right granted to defer payment of a debt, or to incur debt and defer its payment.
 (f) However, nothing in this section shall in any way limit recovery of moneys or collateral which represents or relates to credit actually extended.
(Emphases added.)[1]
As reflected in the highlighted passages, among the categories of contract that can be enforced only if committed to a signed writing is an agreement for the sale of land. Under the terms of the statute, such an agreement is enforceable if signed by the person to be charged or his authorized agent.[2]
I have found no law in this or any other jurisdiction directly addressing whether a facsimile signature meets the signature requirement set forth in the statute of frauds.[3] However, the legal consensus as to what constitutes a "signature" leads me to conclude that a facsimile signature certainly qualifies.
BLACK'S LAW DICTIONARY defines the term "signature" as follows:
 The act of putting one's name at the end of an instrument to attest its validity; the name thus written. A signature may be written by hand, printed, stamped, typewritten, engraved, photographed, or cut from one instrument and attached to another, and a signature lithographed on an instrument by a party is sufficient for the purpose of signing it; it being immaterial with what kind of instrument a signature is made. Maricopa County v. Osborn, 60 Ariz. 290. 136 P.2d 270-274. And whatever mark, symbol, or device one may choose to employ as representative of himself is sufficient.
 A signature is made by use of any name, including any trade or assumed name, upon an instrument, or by any word or mark used in lieu of a written signature. U.C.C. § 3-401.
 The signature to a deed may be made either by the grantor affixing his own signature, or by adopting one written for him, or by making his mark, or by impressing some other sign or symbol on the paper by which the signature, though written by another for him, may be identified.
The application of these principles in the face of a statute-of-frauds defense was demonstrated in Parma Tile Mosaic Marble Co. v. Estate ofShort, 663 N.E.2d 633 (N.Y.App. 1996), in which a New York appellate court concluded that merely imprinting one's name at the top of each page of a fax transmission did not meet the subscription requirement of the statute of frauds. The court stressed that the intent of the party to be charged was the controlling factor: "As former Chief Judge Cardozo has observed, a signature for Statute of Frauds purposes may be `a name, written or printed, [but] is not to be reckoned as a signature unless inserted or adopted with an intent, actual or apparent, to authenticate a writing' (Mesibov, Glinert Levy v. Cohen Bros. Mfg. Co., 245 N.Y.305, 310, 157 N.E. 148 . . .)."
Arkansas law is fully in accord with the definition and case law just recited. In Mayes v. State, 264 Ark. 283, 292, 571 S.W.2d 420 (1978), the Supreme Court observed:
 The printing of a name where a signature should appear is a sufficient signature, if it is intended as such. Ragge v. Bryan, 249 Ark. 164, 458 S.W.2d 403; Leach v. Bald Knob State Bank, 163 Ark. 91, 259 S.W. 3
[1924]. Furthermore, a party may use a firm name as a signature. Walker v. Emrich, 212 Ark. 598, 206 S.W.2d 769.
The conclusion that any form of intended signature will suffice was acknowledged in Leach, in which the Court quoted with approval the following from an article entitled "Statutes of Frauds, Signature, and Waiver":
 "It is true that the signature, whatever it may be, must be made with the intention to authenticate the instrument. It is not necessary that the signature should be in writing, nor is it necessary that it should be subscribed to the contract. A printed or stamped name is sufficient, if intended as a signature."
163 Ark. at 95. (Emphasis added.) In Ragge v. Bryan, Receiver,249 Ark. 164, 170, 458 S.W.2d 403 (1970), the Supreme Court applied these principles as follows:
 On the certificate introduced as an exhibit through E.K. Ragge, in the space provided for this signature, there were typed the letters "EAB, Jr." There was testimony the E.A. Bartlett, Jr., was an agent for the company. He was free to use any character, symbol, figure or designation he thought proper to adopt as a signature and be bound thereby, provided it was used as a substitute for his name. Walker v. Emrich, 212 Ark. 598, 206 S.W.2d 769. A signature may be by initials only. . . . Printing, typing or stamping a name in the place where a signature should appear is sufficient, if it is intended as a signature. . . .
(Emphasis added; citations omitted.) Although the issue in Ragge was not the statute of frauds, but rather whether an insurance policy had been properly countersigned, the Court's conclusions about what constitutes a signature appear to be applicable in any legal context.
In my opinion, a facsimile signature is simply a subcategory of "stamped name" and is consequently sufficient to meet the subscription requirement of the statute of frauds, conditioned only upon the signatory's having intended its use. I appreciate that this conclusion may introduce some element of uncertainty into land transactions, since it may raise factual questions regarding whether a facsimile stamp was used with permission, but this uncertainty is no greater than that caused by allowing an agent to sign on a party's behalf — a practice expressly approved in A.C.A. §4-59-101(a).
Assistant Attorney General Jack Druff prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:JHD/cyh
[1] With respect to the sale of goods, the Arkansas Commercial Code further includes a separate statute of frauds, which provides that contracts for sales exceeding $500 in value are enforceable only if memorialized in a signed writing. A.C.A. § 4-2-201.
[2] You should be aware that, under certain circumstances, courts will enforce oral contracts despite the fact that they fall squarely within the statute of frauds. For instance, because the statute of frauds is an affirmative defense, it will be deemed waived if not expressly invoked in a responsive pleading. Majewski v. Cantrell, 293 Ark. 360, 364,737 S.W.2d 649 (1987). Also, if proven by clear and convincing evidence, performance under an oral contract will take it out of the statute of frauds. Dolphin v. Wilson, 328 Ark. 1, 5, 940 S.W.2d 494 (1997). If the circumstances warrant, even part performance can defeat application of the statute of frauds. Pierce-Odo, Inc. v. Evenson, 5 Ark. App. 67, 69,632 S.W.2d 247; but see Country Corner Food Drug, Inc. v. Reiss,22 Ark. App. 222, 224, 737 S.W.2d 672 (1987) ("part performance does not remove an oral contract of employment from the statute of frauds . . . except for that part that was performed"). In general, "sufficient detrimental reliance" of any sort will take an oral contract out of the statute of frauds. Reiss, 22 Ark. App. at 225. In addition, an in-court acknowledgment that an oral contract was made will take it out of the statute of frauds. Swink Co. v. McEntee McGinley, Inc.,266 Ark. 279, 289-90, 583 S.W.2d 393 (1979).
[3] Although it does not appear to bear directly on your request, I will note that Arkansas has adopted the "Uniform Facsimile Signatures of Public Officials Act," A.C.A. § 21-10-101 et seq., which empowers a public official to register his manual signature and thereafter sign any "public securities" and "instruments of payment" by facsimile signature even if a statute calls for a manual signature. The Act defines "facsimile signature" as "the reproduction by engraving, imprinting, stamping, or other means of the manual signature. . . ." A.C.A. §21-10-101(d). I will assume in this opinion that you have assigned the same meaning to this term in your request. I recognize the possibility that you may be referring as well to a signature on a document sent by facsimile transmission. Based on my analysis in the text of this opinion, the duplicated signature on such a transmission should be effective. However, the document will be subject to the conditions set forth in Ark. R. Evid. 1003, which prohibits the admission into evidence of duplicates if "(1) a genuine question is raised as to the authenticity or continuing effectiveness of the original or (2) in the circumstances it would be unfair to admit the duplicate in lieu of the original."